### The PEOPLE of the State of Colorado, Complainant,

v.

### Robert Anthony FLORES, Attorney–Respondent.

### No. 90SA285.

Supreme Court of Colorado, En Banc.

Jan. 28, 1991.

---

Linda Donnelly, Disciplinary Counsel, Susan L. Fralick and Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

This is an attorney discipline case. A hearing board of the Supreme Court Grievance Committee found that the respondent neglected a legal matter entrusted to him and intentionally failed to carry out a contract of employment entered to provide legal services to a client. In addition, the hearing board found that the respondent failed to respond to requests for information by the Supreme Court Grievance Committee during the investigation of this matter. The hearing board recommended that the respondent be suspended from the practice of law for two years beginning on April 12, 1989, and that the suspension be added to a suspension for one year and one day imposed against the respondent in a prior matter. *See People v. Flores*, 772 P.2d 610 (Colo.1989). In addition, the hear-

ing board recommended that the respondent be assessed the costs of the proceedings. A hearing panel of the grievance committee approved the findings but modified the recommendation to include a requirement that the respondent be ordered to make restitution to Mrs. Dolores Torres, a former client of the respondent.[1] Given the seriousness of the charges, the respondent's prior disciplinary record, the fact that the respondent was aware of disciplinary proceedings in the prior matters but continued to neglect his client's interest in the matter leading to this proceeding, and the absence of mitigating factors, we conclude that suspension, restitution and costs are warranted. We conclude, however, that the period of suspension should be one year and one day.[2]

I.

The respondent was admitted to the bar of this court on October 17, 1980, is registered as an attorney on this court's official records, and therefore is subject to the jurisdiction of this court in all matters relating to the practice of law. C.R.C.P. 241.-1(b). A complaint was filed against the respondent by Mrs. Dolores Torres. Due to default by the respondent, the complaint was deemed admitted, *see* C.R.C.P. 241.-13(b), and the following facts were established.

The respondent was retained by the complaining witness, Mrs. Dolores Torres, on August 5, 1984. Torres paid the respondent $350 to commence proceedings for dissolution of her marriage. The respondent filed a petition for dissolution of marriage on September 18, 1984. The respondent did not take further action, and on September 4, 1985, the court issued an order to show cause why the case should not be dismissed. The respondent did not

---

1. Two members of the hearing panel favored a suspension of two years to run consecutively to the period of suspension ordered in *People v. Flores*, 772 P.2d 610 (Colo.1989).

2. The period of suspension imposed extends beyond the expiration date of the period of suspension recommended by the hearing panel.

We do not consider it necessary to issue a rule to show cause why a more severe sanction should not be imposed because the respondent defaulted and, although he participated at the hearing before the hearing board, his default was not vacated. *See People v. Crimaldi*, 804 P.2d 863, 864 n. 1 (Colo.1991).

reply, so the case was dismissed on October 7, 1985.

Torres moved to Texas in 1985 but informed the respondent of her new address and telephone number. The respondent did not answer her many inquiries and did not inform her of the dismissal. Torres first learned of the dismissal when she called the clerk of the court in September 1986. In a telephone conversation in 1988 the respondent informed Torres that he would take care of the matter by September 1988. Torres has not heard from the respondent since this conversation.

Torres filed a request for investigation with the office of disciplinary counsel on November 25, 1988. The respondent did not acknowledge repeated requests for a reply to the request for investigation.

After entry of the respondent's default and following a hearing, the hearing board issued its written report, containing its findings, conclusions and recommendation. The hearing board concluded, and we agree, that the respondent neglected a legal matter entrusted to him, in violation of DR 6–101(A)(3); intentionally failed to carry out a contract of employment entered to provide legal services to a client, in violation of DR 7–101(A)(2); and failed to respond to a request of the grievance committee without good cause during the investigation, in violation of C.R.C.P. 241.-6(7). In addition, by violating a disciplinary rule, the respondent violated DR 1–102(A)(1) and C.R.C.P. 241.6(1).

The hearing board also found that the respondent has a record of prior discipline. In September 1986, he received a letter of admonition for a vocal and vulgar public display of anger towards an opposing counsel. In April 1989, he was suspended from the practice of law for one year and one day for intentionally damaging a client by refusing to release the deed of trust on property that otherwise could have been used to secure the client's release from jail, continually neglecting another client's request for information on her workers' compensation claim, disregarding filing deadlines set by the court in a criminal appeal, failing to comply with reasonable requests of the grievance committee, and ignoring the order of the Supreme Court to show cause why more severe discipline should not be imposed. *People v. Flores*, 772 P.2d 610 (Colo.1989).

The hearing panel approved the hearing board's findings but issued a modified recommendation as detailed in the following section of this opinion. The respondent filed exceptions to the action taken by the hearing panel, but these were stricken by order of this court on November 19, 1990, due to the respondent's failure to order the transcript to complete the record before the court.

## II.

The hearing board recommended that the respondent be suspended from the practice of law for two years beginning on April 12, 1989, "the date respondent failed to answer the allegations." The hearing board further recommended that the suspension be added to the respondent's prior suspension of one year and one day, which was to begin thirty days after the date of the opinion issued on April 10, 1989, in *People v. Flores*, 772 P.2d 610 (Colo.1989). In addition, the hearing board recommended assessment of costs. The hearing panel "modified" the recommendation of the board to include a recommendation that the respondent be ordered to pay restitution to Mrs. Dolores Torres in the amount of $300 plus interest from August 1, 1984.[3]

Neglect of a legal matter and failure to inform a client of the known result of that neglect is serious misconduct. When the neglect extends over a period of four years, as in the present case, we must conclude that the respondent's failure to perform services for his client was willful. *See*

---

**3.** The findings of fact made by the hearing board establish that Torres paid the respondent $350 on August 5, 1984. The limited record before us does not disclose the reason for the discrepancy between this finding and the rec- ommendation of the hearing board. Because the record is limited, we assume the accuracy of the date and amount contained in the recommendation.

*People v. Barber*, 799 P.2d 936, 940 (Colo. 1990); *People v. May*, 745 P.2d 218, 220 (Colo.1987). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is generally an appropriate sanction for *either* knowingly failing to perform services for a client and causing injury or potential injury to the client, or engaging in a pattern of neglect and causing such injury or potential injury. *ABA Standards* 4.42(a), (b). The respondent's failure to answer the order to show cause, and the resulting dismissal of the dissolution of marriage action, also support suspension. *ABA Standards* 6.22 (suspension is generally appropriate for knowingly violating a court order with resulting injury or potential injury to a client).

Aggravating and mitigating factors influence the severity of the appropriate sanction. The following aggravating factors are present in this case: (1) "prior disciplinary offenses," *ABA Standards* 9.22(a); (2) "a pattern of misconduct," *ABA Standards* 9.22(c); and (3) "bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with ... orders of the disciplinary agency," *ABA Standards* 9.22(e). There are no mitigating factors.

The hearing panel's recommendation of a two year suspension retroactive to April 12, 1989, would effectively make the suspension run concurrently with Flores' prior suspension which ended in May of 1990. The recommendations of the hearing panel are not binding on this court, and we must arrive at the appropriate discipline through our independent assessment of the seriousness of the disciplinary violations. *People v. Davis*, 768 P.2d 1227, 1229 (Colo.1989); C.R.C.P. 241.15(c). We have recently rejected the imposition of retroactive discipline when the misconduct is not so remote that the passage of time mitigates the need for severe discipline. *See People v. Abelman*, 804 P.2d 859 (Colo.1991). In light of the seriousness of the respondent's conduct, and the aggravating factors, we conclude that the respondent should be suspended from the practice of law for one

year and one day from the date of issuance of this opinion. *Cf. People v. Susman*, 747 P.2d 667 (Colo.1987) (thirty month suspension for neglect of legal matters, failure to inform client of neglect, and dishonesty, aggravated by the fact that respondent had previously been suspended for neglect); *People v. Yaklich*, 744 P.2d 504 (Colo.1987) (two year suspension for knowing neglect of a legal matter for a particularly vulnerable client where respondent had previously been disciplined for neglect); *People v. Yost*, 729 P.2d 348 (Colo.1986) (three year suspension for knowing neglect of a legal matter, knowing deception of client and fabrication of documents submitted to the grievance committee). In arriving at the conclusion that a suspension of one year and one day is appropriate we take into account that the respondent has remained suspended since May 10, 1990, the date that the one year and one day suspension ordered in *People v. Flores* expired, because he has not taken the action necessary to become reinstated.

We also conclude that an order of restitution plus interest is appropriate to further the disciplinary goals. *ABA Standards* 2.8(a). Restitution forces a conscious acknowledgment by the respondent of the connection between the misconduct and the adverse impact on a client. *See, e.g., People v. Sullivan*, 802 P.2d 1091, 1096 (Colo. 1990) ("the primary reason we are imposing the restitution requirement is for the respondent to demonstrate his rehabilitation").

### III.

It is hereby ordered that Robert Anthony Flores be suspended from the practice of law for one year and one day beginning on the date of issuance of this opinion. It is further ordered that Flores pay restitution to Mrs. Dolores Torres in the amount of $300 plus statutory interest from August 1, 1984. Finally, it is ordered that Flores pay the costs of this proceeding in the amount of $338.37 within ninety days after the announcement of this opinion. Payment must be made to the Supreme Court Grievance Committee, 600 Seventeenth Street,

Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

