**The PEOPLE of the State of Colorado, Complainant,**

v.

**Kenneth A. SENN, Attorney–Respondent.**

**No. 91SA279.**

Supreme Court of Colorado, En Banc.

Feb. 10, 1992.

Linda Donnelly, Disciplinary Counsel, and Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Michael D. Gross, Colorado Springs, for attorney-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee recommended that the respondent in this attorney discipline proceeding receive a public censure for conduct which violated the criminal laws of Colorado and that adversely reflected on the respondent's fitness to practice law. We accept the recommendation of the hearing panel, publicly censure the respondent, and order that he be assessed the costs of the disciplinary proceedings.

I

The respondent was admitted to the bar of this court on May 10, 1974, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The hearing board listened to the testimony of various witnesses, including that of the respondent and his wife. After considering this testimony and examining the other evidence admitted, the board found that the following facts were established by clear and convincing evidence.

The respondent arrived home shortly after 4:00 o'clock in the morning of September 14, 1989. The respondent was extremely intoxicated, and he was met by his wife who was very angry. An argument and physical altercation followed. The respondent and his wife struck each other and the respondent's wife ordered him out of the house. He refused to leave, intending to sleep upstairs alone. During the course of the argument, the respondent retrieved his wife's pistol and pointed it at her, stating, "I should kill you." His wife testified that she was not frightened by the threat and that she laughed at him and said, "Why don't you then?"

The respondent proceeded upstairs, and when his wife continued to insist that he leave the house, he discharged the pis-

tol, aiming it at a point several feet above her head. The respondent testified that he only wanted to discourage her from following him upstairs and to end the argument. After the shooting, the respondent's wife telephoned her parents in Texas, but the respondent came back downstairs, spoke briefly to his wife's stepfather on the telephone, unplugged the telephone, and left the house. The respondent was arrested the next day and charged with felony menacing and third degree assault. The criminal charges were later dismissed by the special prosecutor that had been appointed.[1]

II

The hearing board found that it had been established by clear and convincing evidence that the respondent committed the offense of prohibited use of weapons in three separate ways by pointing the pistol at his wife and discharging the pistol in her direction while he was intoxicated.[2] Section 18–12–106, 8B C.R.S. (1986), provides in part:

**18–12–106. Prohibited use of weapons.** (1) A person commits a class 2 misdemeanor if:

(a) He knowingly and unlawfully aims a firearm at another person; or

(b) Recklessly or with criminal negligence he discharges a firearm or shoots a bow and arrow; or

. . . .

(d) He has in his possession a firearm while he is under the influence of intoxicating liquor. . . .

The board determined that the respondent's conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes grounds for lawyer discipline), and DR 1–102(A)(6) (a lawyer shall not

1. The fact that criminal charges are eventually dismissed or that an attorney is acquitted of the criminal charges does not necessarily bar disciplinary action against the attorney. C.R.C.P. 241.6(5).

2. The hearing board also concluded that it had not been established by clear and convincing

evidence that the respondent had committed the crime of felony menacing, § 18–3–206, 8B C.R.S. (1986), or third degree assault, § 18–3–204, 8B C.R.S. (1986). The assistant disciplinary counsel has not excepted to these findings in this court.

engage in conduct that adversely reflects on the lawyer's fitness to practice law).

The hearing board then looked to the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), for the presence of aggravating or mitigating factors. The only aggravating factor the board found was that the respondent had received a letter of admonition in 1980. *See ABA Standards* 9.22(a) (prior disciplinary offenses is an aggravating factor).

The board also found the existence of the following factors in mitigation: (1) the presence of personal or emotional problems, *ABA Standards* 9.32(c); (2) the respondent has made a timely good faith effort to rectify the consequences of his misconduct, *id.* at 9.32(d); (3) the respondent had a cooperative attitude toward the disciplinary proceedings, *id.* at 9.32(e); (4) interim rehabilitation, *id.* at 9.32(j); and (5) the remoteness of the prior disciplinary offense, *id.* at 9.32(m). The hearing board also determined that the respondent had checked into a residential facility for the treatment of alcoholism and that he and his wife had reconciled.

The parties have not excepted to these findings of the board. The hearing panel approved the findings of the board, but modified the board's recommendation of a letter of admonition to a public censure.

### III

■ The respondent has excepted to the panel's recommendation of a public censure on three grounds. The respondent contends first that the imposition of a public censure for violation of section 18–12–106 would violate the Equal Protection Clause of the Fourteenth Amendment because the grievance committee has a practice of treating violations of section 42–4–1202 (driving under the influence of alcohol) with at most a cautionary letter to the attorney.

■ Even assuming *arguendo* that the respondent's premise is correct, there is no violation of equal protection in this case. First, the doctrine of equal protection does not require that all similar attorney misconduct be sanctioned identically. *Bourdon's Case*, 132 N.H. 365, 565 A.2d 1052, 1058 (1989). Second, in order to commit the offenses of prohibited use of a weapon under sections 18–12–106(1)(a) and (1)(b), the offender must act at least "knowingly" and with "criminal negligence," respectively. The offense of driving under the influence of alcohol on the other hand is a strict liability crime.[3] The attorney's mental state is an important factor in the determination of the appropriate level of discipline. *See ABA Standards* 3.0(b). Placed in context, the respondent's misconduct is sufficiently aggravated and differentiated from a disciplinary charge of driving under the influence that his equal protection claim is without merit.[4]

The respondent also asserts that professional discipline is not appropriate when an attorney commits an offense which is a misdemeanor and which does not directly relate to the lawyer's honesty and integrity, does not indicate that the lawyer is consciously indifferent to the rule of law, and does not result in serious injury to another person.

■ It is preeminently the business of the criminal justice system to punish violations of the laws. While the respondent's

---

**3.** Section 42–4–1202(1)(a), 17 C.R.S. (1991 Supp.), provides:

It is a misdemeanor for any person who is under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, to drive any vehicle in this state.

This statute which prohibits driving under the influence of alcohol or drugs does not require proof of a culpable mental state beyond voluntary conduct. *Cf. People v. Rostad*, 669 P.2d 126, 129 (Colo.1983) (vehicular homicide and vehicular assault statutes define strict liability offenses which require only that the proscribed conduct was performed voluntarily).

**4.** The hearing board did not expressly consider whether the respondent had driven home under the influence of alcohol on the morning of September 14. In his direct testimony before the board, however, the respondent admitted that he drove his truck home while he was intoxicated just prior to the confrontation and altercation with his wife.

misconduct did not directly arise from the practice of law, disciplinary proceedings supplement the work of the criminal courts to maintain respect for the rule of law and protect the public. *See In re Curran,* 115 Wash.2d 747, 801 P.2d 962, 973 (1990). The respondent's conduct on the morning of September 14 was the result of a very critical failure of judgment and we believe it evinced a contempt for the law which was at odds with the respondent's duty to uphold the law. *See People v. Fahselt,* 807 P.2d 586, 588 (Colo.1991) (attorney publicly censured after being convicted of vehicular assault, driving under the influence of alcohol, failing to maintain liability insurance, and reckless driving).

Finally, the respondent contends that the mitigating factors call for a sanction short of public censure. We conclude, however, that the respondent's misconduct was sufficiently serious, even in the presence of the substantial factors in mitigation, to warrant a public rather than a private sanction.

> A private censure, because it does not inform the public about a lawyer's misconduct, "should be used only when the lawyer is negligent, when the ethical violation results in little or no injury to a client, the public, the legal system, or the profession, and when there is little or no likelihood of repetition." ABA Standards 2.6 (commentary).

*People v. Smith,* 769 P.2d 1078, 1080 (Colo. 1989). The evidence of the respondent's rehabilitation and the reconciliation with his wife may well reduce the chances that such an incident will be repeated. However, the respondent's conduct went beyond mere negligence and, given his intoxication at the time, posed a significant danger of serious injury. Accordingly, we agree with the hearing panel that public censure is an appropriate sanction.

### IV

We accept the recommendation of the hearing panel and publicly censure the respondent Kenneth A. Senn and assess him the costs of these proceedings in the amount of $773.01. The costs are payable within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.