The PEOPLE of the State of Colorado, Complainant,

v.

Kent A. BORCHARD, Attorney–Respondent.

No. 91SA389.

Supreme Court of Colorado, En Banc.

Feb. 10, 1992.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Joseph H. Thibodeau, Denver, for attorney-respondent.

PER CURIAM.

This attorney discipline case comes to us on a stipulation, agreement, and conditional admission of misconduct by the respondent. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee unanimously accepted the stipulation and agreement and recommended that the respondent receive a public censure. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be publicly censured and pay the costs of these proceedings.[1]

I

The respondent was admitted to the bar of this court on October 1, 1971, is registered as an attorney upon this court's official records, and is subject to the juris-

---

1. As originally filed in this court, the stipulation was signed by the respondent, the respondent's attorney and the chief investigative counsel. There was no indication in the record at that time that the stipulation had been "submitted to the Disciplinary Counsel for his recommendation prior to being tendered to the Committee" as required by C.R.C.P. 241.18(a). This defect was cured, however, by a subsequent supplement to the stipulation which was signed by the assistant disciplinary counsel.

We also note that no formal complaint was filed against the respondent in this case. While the rules do not explicitly authorize the inquiry panel to accept a stipulation based on admitted misconduct which recommends a public censure at the investigation stage, *see* C.R.C.P. 241.-11(a), we recognize that C.R.C.P. 241.18(a) allows the respondent to tender to the grievance committee a stipulation and conditional admission "at any point in the proceedings prior to final action by the Supreme Court...." Nevertheless, when the alleged misconduct warrants more than a letter of admonition, we believe that the better practice would be to submit the stipulation, agreement, and conditional admission to the inquiry panel only after that panel has found reasonable cause to believe that grounds for discipline exists and has authorized the disciplinary counsel to prepare and file a formal complaint. C.R.C.P. 241.11(a)(5). Given the nature of the misconduct admitted in this case, however, which is based on the respondent's conviction of a misdemeanor offense, we conclude that no good purpose would be served by returning this case to the inquiry panel to await the filing of a formal complaint.

diction of this court. C.R.C.P. 241.1(b). The stipulation, agreement, and conditional admission of misconduct disclose that on September 24, 1990, the respondent pleaded guilty in federal district court to a misdemeanor charge of failure to file a 1985 federal income tax return, contrary to 26 U.S.C. § 7203 (1988). The respondent was placed on probation for a minimum of four years and was ordered to pay certain unpaid taxes. The respondent also admitted that he had failed to file timely federal income tax returns from 1978 through 1986. He is currently working with the Internal Revenue Service to repay tax, interest, and penalties in excess of $200,000.

The respondent has admitted, and we agree, that his conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes grounds for lawyer discipline). The inquiry panel has recommended that the respondent receive a public censure for his misconduct, and the respondent has consented to this form of discipline. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer knowingly engages in ... conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." *ABA Standards* 5.13.

The respondent has no prior discipline in twenty years of practice, and we conclude that a public censure is warranted. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## II

It is hereby ordered that Kent A. Borchard be publicly censured. It is further ordered that Borchard pay the costs of this proceeding in the amount of $50.18 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.