The PEOPLE of the State of
Colorado, Complainant,

v.

John Harvey WALLACE, Attorney–
Respondent.

No. 92SA272.

Supreme Court of Colorado,
En Banc.

Sept. 21, 1992.

Linda Donnelly, Disciplinary Counsel, Sandra J. Pfaff, Asst. Disciplinary Counsel, Denver, for complainant.

Burns, Figa & Will, P.C., Phillip S. Figa, Englewood, for attorney-respondent.

PER CURIAM.

An inquiry panel of the Supreme Court Grievance Committee approved a stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel, and recommended that the respondent be suspended from the practice of law for three months. *See* C.R.C.P. 241.18. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be suspended for three months and pay the costs of these proceedings.

I.

The respondent was admitted to the bar of this court on October 25, 1989, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The respondent stipulated to the following facts:

a. On January 8, 1991, respondent assaulted his girlfriend Beth Ann Fair, causing her severe bodily injury, including cartilage torn from her sternum.

b. As a result of the January 8, 1991 incident, respondent entered a plea of guilty to assault, in violation of Section 6–4–10 of the City Code of the City of Littleton.

c. Respondent was sentenced to 180 days in jail, 165 of which were suspended. Respondent served 10 days of the remaining 15 days; five days were suspended for good behavior.

d. In November, 1990, respondent struck Ms. Fair in the head, causing severe damage to her nose, eye socket, and sinuses, resulting in at least one surgical procedure. No criminal charges were brought against respondent as a result of that incident.

e. Respondent has assaulted Beth Ann Fair on more than one occasion, and both parties have caused or attempted to cause physical injury to each other.

f. The assaults perpetrated by respondent on Ms. Fair usually involved the use of alcohol by one or both persons.

g. Since his arrest in January, respondent has participated in AMEND (Abusive Men Exploring New Directions), a treatment program for batterers, and is successfully pursuing treatment with that organization.

h. Respondent is also actively participating in Alcoholics Anonymous, including starting a new AA Chapter in southwest Denver.

i. Respondent has paid and asserts that he will continue to pay any and all

medical bills associated with injuries received by Ms. Fair.

j. There have been no further incidents between Ms. Fair and respondent since January 1991, and respondent has continued to maintain regular visitation with their two children, as well as to make regular child support payments.

k. Respondent self-reported the conviction through his counsel to the Office of Disciplinary Counsel on March 21, 1991.

Stipulation, Agreement, and Conditional Admission of Misconduct at 3–4. The respondent admitted that his conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes grounds for lawyer discipline).

## II.

In the stipulation, the respondent agreed to the imposition of a sanction in the range from a private censure to a three-month suspension from the practice of law. The inquiry panel approved the stipulation and unanimously recommended that the respondent be suspended for three months. The respondent argued before the inquiry panel and before this court[1] that a private censure was appropriate.

In support of a private sanction, the respondent points out that he has no prior disciplinary record, that he was not motivated by dishonesty or selfishness, and that his alcoholism led to the misconduct. *See* ABA *Standards for Imposing Lawyer*

---

1. After the stipulation was approved by the inquiry panel and submitted to this court, the respondent filed a "Supplemental Statement in Support of the Stipulation, Agreement and Conditional Admission of Misconduct, and Request That Inquiry Panel Sanction Recommendation be Rejected." Attached to the supplemental statement was a letter addressed to the court by a psychotherapist indicating that the respondent is undergoing psychotherapy and has made "significant progress."

*Sanctions* 9.32(a)–(c) (1986) [hereinafter ABA *Standards*]. In addition, the respondent contends that his payment of Fair's medical bills demonstrates a good faith effort to rectify the consequences of his misconduct, *id.* at 9.32(d); that he reported the assault conviction to the Office of Disciplinary Counsel and has cooperated with the disciplinary authorities, *id.* at 9.32(e); that he is inexperienced in the practice of law, *id.* at 9.32(f); and that he has demonstrated good character or reputation, *id.* at 9.32(g). Finally, the respondent asserts that his "effort and progress in rehabilitation since the time of the misconduct is particularly noteworthy," *id.* at 9.32(j); and that he is sincerely remorseful, *id.* at 9.32(*l*).

We do not minimize the importance of the steps toward rehabilitation that the respondent has already taken, nor are we unmindful of the consequences flowing from a suspension as opposed to private discipline. Our primary duty in attorney discipline cases, however, is to protect the public from unfit practitioners, and the respondent's multiple acts of violence are indicative of a "dangerous volatility which might well prejudice his ability to effectively represent his clients' interests given the pressures associated with the practice of law." *In re Nevill,* 39 Cal.3d 729, 217 Cal.Rptr. 841, 845, 704 P.2d 1332, 1336 (1985).

A private censure, because it does not inform the public about a lawyer's misconduct, "should be used only when the lawyer is negligent, when the ethical violation results in little or no injury to a client, the public, the legal system, or the profession, and when there is little or no likelihood of repetition."

The letter is dated almost one month after the inquiry panel took its action, and, as the assistant disciplinary counsel points out, "is not part of the record below, is not susceptible to challenge by [the assistant disciplinary counsel], and is not part of the conditional admission itself." Nevertheless, we have examined the letter and conclude that no good purpose would be served by remanding the matter to the inquiry panel. The respondent has not asked to withdraw the stipulation.

*People v. Smith,* 769 P.2d 1078, 1080 (Colo. 1989) (quoting ABA *Standards* 2.6 (commentary)). The respondent's rehabilitation may well reduce the chances that such an incident of violence will be repeated. However, as in *People v. Senn,* 824 P.2d 822 (Colo.1992), the respondent's conduct went beyond mere negligence. The intoxicated attorney-respondent in *Senn* argued with his wife and discharged a pistol while aiming it at a point several feet above her head. We publicly censured the respondent in *Senn. Id.* at 825.

Unlike the respondent in *Senn,* however, this respondent's conduct not only posed a significant danger of serious injury, but actually caused serious injury and caused it on more than one occasion. We conclude, as did the inquiry panel, that the seriousness of the respondent's misconduct warrants at least a short period of suspension. *See* ABA *Standards* 5.12 (Suspension is generally appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice."); *Committee on Professional Ethics & Conduct v. Patterson,* 369 N.W.2d 798 (Iowa 1985) (attorney indefinitely suspended with no possibility of reinstatement for three months for assaulting and causing serious injury to unresisting woman with whom the lawyer was romantically involved). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III.

It is hereby ordered that John Harvey Wallace be suspended from the practice of law for three months, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that Wallace pay the costs of this proceeding in the amount of $45.98 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500– S, Dominion Plaza, Denver, Colorado 80202.