**The PEOPLE of the State of Colorado, Complainant,**

v.

**Robert Anthony FLORES, Attorney–Respondent.**

**No. 94SA85.**

Supreme Court of Colorado, En Banc.

April 4, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Robert Anthony Flores, pro se.

PER CURIAM.

This attorney discipline case comes to us on a stipulation, agreement, and conditional admission of misconduct entered into between the respondent[1] and the assistant disciplinary counsel. In the stipulation, the parties recommended the imposition of either a private or public censure. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, with the recommendation that the respondent receive a public censure. We accept the stipulation and the recommendation of the inquiry panel.

I

The parties recited the following facts in the stipulation:

*COUNT I*

a. In November, 1988, respondent was found guilty by the court on one count of third-degree assault, in violation of C.R.S. § 18–3–204, a class one misdemeanor.

b. On December 19, 1988, respondent was sentenced and received two years of probation, 150 hours of community service and ordered to undergo mental health counseling.

c. On December 11, 1990, the court found that respondent has successfully completed his period of probation and complied with the orders involving costs, community service, and mental health counseling. Probation was thus terminated.

. . . .

*COUNT II*

e. In May, 1984, respondent was convicted of driving while ability impaired (DWAI).

f. Respondent was assessed a fine and ordered to attend Level II alcohol education class.

. . . .

*COUNT III*

h. On October 6, 1993, respondent pled guilty to a driving while ability impaired (DWAI) charge.

---

1. The respondent was admitted to the bar of this court on October 17, 1980, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

i. On December 2, 1993, respondent was sentenced to six (6) days in jail, with a follow-up of twelve (12) months of unsupervised probation; assessed costs and fine of $342; ordered to perform 24 hours of useful public service, attend a Level II alcohol education class, and receive 40 hours of therapy.

j. Respondent has completed his jail term and is in the process of complying with all other terms of his sentence.

With respect to Counts I and II, the parties stipulated that the respondent's conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline). Because the misconduct in Count III occurred after January 1, 1993, the effective date of the Colorado Rules of Professional Conduct (R.P.C.), the respondent also violated R.P.C. 8.4(h) (it is professional misconduct for a lawyer to engage in conduct that adversely reflects on the lawyer's fitness to practice law).

## II

We have generally found public censure to be an appropriate disciplinary sanction for lawyers who have committed misdemeanor offenses, at least where the offense was not directly related to the attorney's practice of law. *See People v. Buckley,* 848 P.2d 353 (Colo.1993) (theft of item having value less than $50 warrants public censure); *People v. Borchard,* 825 P.2d 999 (Colo.1992) (public censure appropriate for attorney convicted of misdemeanor failure to file federal income tax return); *People v. Senn,* 824 P.2d 822 (Colo.1992) (attorney who committed prohibited use of weapon publicly censured); *cf. People v. Wallace,* 837 P.2d 1223 (Colo.1992) (conviction for misdemeanor assault warrants three-month suspension where conduct caused serious injury on more than one occasion). *See also People v. Fahselt,* 807 P.2d 586 (Colo.1991) (convictions of vehicular assault, driving under the influence of intoxicating liquor, failing to maintain liability insurance, and reckless driving warrant public censure when considered with mitigating factors).

Here there are three misdemeanor convictions, an aggravating factor under Standard 9.22(c) of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*). The assault conviction is over five years old, however, and one of the DWAI convictions is almost ten years old. Neither the stipulation nor the sparse record discloses the reason for the delay in these proceedings.

An additional and more serious aggravating factor is that the respondent has been the subject of prior discipline. ABA *Standards* 9.22(a). In 1989, he was suspended for one year and one day for intentionally damaging a client, neglecting legal matters, and failing to comply with the reasonable requests of the grievance committee. *People v. Flores,* 772 P.2d 610 (Colo.1989). The respondent was again suspended for one year and one day in 1991 for misconduct similar to the earlier case. *People v. Flores,* 804 P.2d 192 (Colo.1991). The respondent remains suspended from the practice of law and his petition for reinstatement was denied on July 22, 1993. No new petition for reinstatement will be accepted before July 1995. *See* C.R.C.P. 241.22(g).

If an additional period of suspension were added at this point, it would have little if any practical effect, and it would not afford a meaningful extra measure of protection for the public. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation of a public censure. Two members of the court, however, would have rejected the stipulation and returned the case to the grievance committee for further proceedings.

## III

It is hereby ordered that Robert Anthony Flores be publicly censured. It is further

ordered that Flores pay the costs of this proceeding in the amount of $52.37 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

