The PEOPLE of the State of Colorado, Complainant,

v.

Michael J. TAUGER, Attorney–Respondent.

No. 95SA75.

Supreme Court of Colorado, En Banc.

April 10, 1995.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

George Kokus, Denver, for attorney-respondent.

PER CURIAM.

This lawyer discipline case comes to us on a stipulation, agreement, and conditional admission of misconduct by the respondent. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee accepted the stipulation and agreement and recommended that the respondent receive a public censure. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be publicly censured and pay the costs of these proceedings.

I

The stipulation, agreement, and conditional admission of misconduct state that on April 8, 1994, the respondent pleaded guilty to a misdemeanor charge of failure to file a federal income tax return for the 1988 tax year. The respondent was placed on probation for two years and has paid a fine and costs of $525. The respondent admitted that he failed to file federal income tax returns for tax years 1988 through 1990. He is presently attempting to settle the payment of unpaid taxes, interest, and penalties with the Internal Revenue Service.

The respondent has stipulated, and we agree, that his conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline). The inquiry panel has recommended that the respondent receive a public censure for his misconduct, and the respondent has consented to this form of discipline. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer knowingly engages in ... conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." ABA *Standards* 5.13.

The respondent has no prior discipline in twenty-three years of practice, and was experiencing significant personal problems at the time of the misconduct due to the hospitalization of his son. We conclude that a public censure is appropriate. *See People v. Borchard*, 825 P.2d 999, 1000 (Colo.1992) (plea of guilty to misdemeanor charge of failure to file federal income tax return and failure to timely file federal income tax returns for eight years warrants public censure where lawyer had not previously been disciplined in twenty years of practice). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## II

It is hereby ordered that Michael J. Tauger be publicly censured. It is further ordered that Tauger pay the costs of this proceeding in the amount of $49.02 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.