PER CURIAM.

The PEOPLE of the State of
Colorado, Complainant,

v.

Mark R. PERKELL, Attorney–
Respondent.

No. 98SA436.

Supreme Court of Colorado,
En Banc.

Dec. 14, 1998.

In this reciprocal discipline proceeding under C.R.C.P. 241.17, the respondent, Mark R. Perkell, and the assistant disciplinary counsel executed a stipulation, agreement and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommends that Perkell be publicly censured in Colorado following his reprimand in Connecticut for failing to file a federal income tax return. An inquiry panel of the grievance committee approved the conditional admission. We accept the conditional admission and publicly censure the respondent.

## I.

Mark R. Perkell was licensed to practice law in this state in 1983. The conditional admission provides that on March 20, 1998, the Statewide Grievance Committee of the State of Connecticut adopted the proposed decision of its reviewing committee and reprimanded Perkell. The reason for the reprimand was that on April 29, 1996, Perkell had pleaded guilty to the willful failure to file a federal income tax return in 1991, a misdemeanor. *See* 26 U.S.C. § 7203 (1994). Perkell was sentenced to six months of home confinement and three years of probation. He was also ordered to pay a fine and to perform community service.

Perkell has stipulated that the conduct for which he was disciplined in Connecticut also violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness).

## II.

In a reciprocal discipline proceeding, we impose the same discipline that was imposed in the foreign jurisdiction, unless certain exceptions apply. *See People v. Mattox,* 862 P.2d 276, 277 (Colo.1993); C.R.C.P. 241.17(d)(1)-(4). The complainant indicates that none of the exceptions exist in this case, and Perkell has consented to a public censure. A reprimand by the statewide grievance committee is a matter of public record, *see* Conn.Super. Ct. R. § 2–36, and is therefore analogous to a public censure in this state.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Otto K. Hilbert, II, Denver, for Attorney–Respondent.

**704**

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer knowingly engages in ... conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." ABA *Standards* 5.13. Perkell has not been disciplined before in Colorado, which is a mitigating factor for determining the proper sanction. *See id.* at 9.32(a).

We conclude that a public censure is appropriate. *See People v. Tauger,* 893 P.2d 121, 122 (Colo.1995) (failing to file federal income tax return warrants public censure where the lawyer had not been disciplined in twenty-three years of practice); *People v. Borchard,* 825 P.2d 999, 1000 (Colo.1992) (plea of guilty to misdemeanor charge of failure to file federal income tax return and failure to timely file federal income tax returns for eight years warrants public censure where the lawyer had not previously been disciplined in twenty years of practice). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III.

Mark R. Perkell is hereby publicly censured. It is ordered that Perkell pay the costs of this proceeding in the amount of $51.00 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee (or its successor entity), 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435.