**In the Matter of Jerry Thomas KEARNS, Attorney-Respondent.**

**No. 99SA48.**

Supreme Court of Colorado,
En Banc.

Dec. 20, 1999.

John S. Gleason, Attorney Regulation Counsel, James S. Sudler, Assistant Regulation Counsel, Denver, Colorado Attorneys for Complainant.

Randy C. Canney, Denver, Colorado, Attorney for Attorney-Respondent.

PER CURIAM.

The respondent in this attorney regulation case, Jerry Thomas Kearns, was convicted of

vehicular assault, a class 4 felony, and two counts of driving under the influence of alcohol. The District Court for the City and County of Denver sentenced Kearns to three years' confinement in the Colorado Department of Corrections (DOC). A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that Kearns be publicly censured. The complainant asserts that a public censure is too lenient given the seriousness of Kearns's criminal convictions. Although we agree that Kearns's misconduct was very serious, we conclude that the significant mitigating factors that are present in this case make a public censure appropriate.

## I.

Jerry Thomas Kearns was admitted to practice law in Colorado in 1991. The formal complaint in this case charged Kearns with violating C.R.C.P. 241.6(5), 12 C.R.S. (1997) (violating a criminal law) (now C.R.C.P. 251.5(b)), and Colo. RPC 8.4(b) (committing a criminal act that adversely reflects on the lawyer's fitness to practice). Prior to the hearing, Kearns filed a motion to continue the hearing until the court of appeals decided his appeal of the criminal convictions involved in this case. That motion was denied. The parties stipulated to the admission of certain exhibits, including a transcript of Kearns's criminal trial. They also stipulated that, if he were called to testify, Kearns would assert his Fifth Amendment privilege not to testify. See C.R.C.P. 241.14(d), 12 C.R.S. (1997) (providing that the respondent in a lawyer discipline proceeding may not be required to testify if to do so would violate the respondent's constitutional privilege against self-incrimination) (now C.R.C.P. 251.18(d)). After considering the exhibits and the testimony of the victim, Paul Donovan, the hearing board made the following findings by clear and convincing evidence.

On September 10, 1997, Kearns was convicted of vehicular assault, a class 4 felony, see § 18–3–205(1)(b), (c), 6 C.R.S. (1999),[1] driving under the influence of alcohol, see § 42–4–1301(1)(a), 11 C.R.S. (1999),[2] and driving under the influence of alcohol (blood alcohol content of 0.10 or more), see § 42–2–1301(2)(a), 11 C.R.S. (1999).

Kearns's convictions arose out a motor vehicle accident involving the truck he was driving, and a motorcycle driven by Paul Donovan. In the early morning hours of September 14, 1996, Kearns failed to stop at a stop sign at an intersection in the City and County of Denver. He struck Donovan's motorcycle, causing Donovan serious life-threatening injuries. Donovan sustained a severe head injury, a broken leg, a broken thumb, and three broken ribs. Because of excessive bleeding, Donovan's spleen had to be removed surgically. Donovan was in a coma for about two months, he suffers from a permanent speech impediment, and it is likely that he will never work at his former employment again.

After the accident, Kearns called 911 to report it. He volunteered to the police officers on the scene that he was the driver of the truck that struck the motorcycle, and he expressed concern for Donovan. Kearns was arrested for suspicion of driving under the influence. A blood test revealed that his blood alcohol content was 0.161 grams of alcohol per 100 milliliters of blood. Kearns self-reported the incident to the office of disciplinary counsel and has cooperated in these proceedings. He was insured at the time of the accident.

Following his convictions for vehicular assault and DUI, the court sentenced Kearns to three years in the DOC, plus a two-year mandatory period of parole. He was ordered to pay $15,000 restitution. At the time of the disciplinary hearing, Kearns was free on bond while his convictions were being appealed to the court of appeals. After the hearing

1. Section 18–3–205(1)(b)(I), 6 C.R.S. (1999), provides that "[i]f a person operates or drives a motor vehicle while under the influence of alcohol ..., and this conduct is the proximate cause of a serious bodily injury to another, such person commits vehicular assault. This is a strict liability crime."

2. At the time Kearns was sentenced, the trial court vacated this count as a lesser-included offense of vehicular assault.

in this case, the court of appeals affirmed Kearns's convictions, and we denied his petition for certiorari. *See People* v. *Kearns,* 988 P.2d 189 (Colo.App.1999), *cert. denied,* No. 99SA620 (Colo. Nov. 15 1999).

The hearing board determined that Kearns's conduct violated C.R.C.P. 241.6(5) (violating a criminal law), and Colo. RPC 8.4(b) (committing a criminal act that adversely reflects on the lawyer's fitness to practice), as charged in the complaint.

The board also found the existence of the following mitigating factors listed in the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*): Kearns cooperated in these disciplinary proceedings, *see id.* at 9.32(e); there was evidence of his good character and reputation, *see id.* at 9.32(g); penalties and sanctions under the Criminal Code have already been imposed on Kearns as a result of his convictions, *see id.* at 9.32(k); and he has expressed remorse for his misconduct, *see id.* at 9.32(*l*). Although not specifically listed in the ABA *Standards,* the board considered as additional mitigation that Kearns reported the accident to the police and to the office of disciplinary counsel, and that he had no prior criminal record other than minor traffic infractions. Also, the presentence report to the trial court recommended that Kearns be sentenced to the DOC for three years, but that the sentence be suspended and Kearns placed on probation. Notwithstanding this recommendation, the trial court sentenced Kearns to the DOC for three years, plus a two-year period of mandatory parole.

## II.

The hearing panel approved the board's recommendation that Kearns receive a public censure. The complainant claims that a public censure is too lenient and asserts that a suspension for a year and a day is warranted.

Under the ABA *Standards,* in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice."

ABA *Standards* 5.12. Citing our decision in *People* v. *Fahselt,* 807 P.2d 586 (Colo.1991), the hearing board found that while Kearns's conduct adversely reflected on his fitness to practice law, it did not *seriously* adversely reflect on that fitness. Under the facts of this case, we agree with the hearing board.

The respondent in *Fahselt* was convicted of vehicular assault, DUI, failing to maintain liability insurance, and reckless driving. *See id.* at 587. Notwithstanding the seriousness of the offenses and the serious injuries sustained by two of the victims, we found a public censure adequate discipline:

> In determining the appropriate sanctions to be imposed, we have considered the duty violated, the lawyer's mental state, the injury caused by the lawyer's misconduct, and aggravating or mitigating factors. In addition to the mitigating factors found by the hearing board, we note that, aside from the incident in question, the respondent has no prior history of similar misconduct or alcohol problems. The conditions placed on the respondent's probation, coupled with the respondent's act of voluntarily arranging for restitution, sustain the hearing board and panel's recommendation for a public censure.

*Id.* at 588. Justice Quinn, joined by Justice Erickson, dissented from the sanction imposed. *See id.* at 588 (Quinn, J., dissenting). Justice Quinn reasoned that Fahselt's conduct would ordinarily merit a two to three-year suspension, but found that the mitigating factors made a one-year suspension appropriate. *See id.* at 589.

In addition to vehicular assault and DUI, Fahselt was convicted of failure to maintain compulsory insurance, *see* § 42–4–1213, 17 C.R.S. (1984), and reckless driving, *see* § 42–4–1203(1), 17 C.R.S. (1984) (now section 42–4–1401, 11 C.R.S. (1999)). To be convicted of reckless driving, a person must operate a motor vehicle "in such a manner as to indicate either a wanton or a willful disregard for the safety of persons or property." Thus, a conviction for reckless driving requires a culpable mental state. On the other hand, vehicular assault is a strict liability offense, and therefore requires no culpable mental state. *See* § 18–3–205(1)(b)(I).

Driving under the influence is also a strict liability crime. *See People* v. *Senn,* 824 P.2d 822, 824 (Colo.1992). The respondent in *Senn* argued that giving him a public censure for committing the crime of prohibited use of a weapon would violate the Equal Protection Clause because the grievance committee had made a practice of treating DUI cases with private discipline. *See id.* We explained that a lawyer's mental state is an important factor in determining the proper level of discipline. *See id.;* ABA *Standards* 3.0(b). To commit the offense of prohibited use of a weapon, a person must act "knowingly" or, at the least, with "criminal negligence." *See* 824 P.2d at 824. Therefore, "[p]laced in context, the respondent's misconduct is sufficiently aggravated and differentiated from a disciplinary charge of driving under the influence that his equal protection claim is without merit." *Id.*

Following this line of reasoning, therefore, we conclude that Fahselt's conduct was more serious than Kearns's conduct here. The crimes that Kearns was convicted of are strict liability offenses. In addition, the mitigation in this case is more compelling than that in *Fahselt.* Therefore, while the range of penalties for the offenses are the same under our Criminal Code, the sentence in the criminal case for Kearns is greater than that imposed on Fahselt. On the one hand, Fahselt was sentenced to probation. To the contrary, Kearns must serve three years in the custody of the DOC, and then a two-year mandatory period of parole. Moreover, section 18–1–105(3), 6 C.R.S. (1999), provides that while Kearns is serving his sentence in the custody of the DOC, he is "disqualified from ... practicing as an attorney in any of the courts of this state."

We consider Kearns's prison sentence and his disqualification from practicing law during his incarceration a significant "other penalty[ ] or sanction[ ]" and therefore a mitigating factor in determining the level of discipline. *See* ABA *Standards* 9.32(k). Weighing the factors in mitigation and aggravation, together with the seriousness of the misconduct, we conclude that a public censure is appropriate. At least one member of the court, however, would have imposed a greater sanction.

III.

In consideration of the foregoing, Jerry Thomas Kearns is hereby publicly censured. Kearns is ordered to pay the costs of this proceeding in the amount of $672.41 to the to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432, within thirty days after this opinion is announced.