# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WILLIAM K. ERRICO, BAR NO. 6633.

No. 73995

**FILED**

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney William Errico be disbarred based on violations of RPC 1.2 (scope of representation), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.7 (conflicts of interest: current clients), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.1 (meritorious claims and contentions), RPC 3.2 (expediting litigation), RPC 3.3 (candor toward the tribunal), RPC 4.1 (truthfulness in statements to others), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct). The hearing panel also recommends that Errico be required to pay restitution.[1]

This matter involves three complaints related to eight grievance files opened between 2010 and 2014. On June 5, 2017, Errico stipulated for purposes of the disciplinary proceedings that the evidence

---

[1]On June 14, 2016, pursuant to a petition filed by the State Bar under SCR 102(4), this court temporarily suspended Errico from the practice of law and restricted his handling of client funds pending resolution of this disciplinary matter. *In re Discpline of Errico*, Docket No. 70438 (Order of Temporary Suspension, June 14, 2016).

18-39838

offered by the State Bar established the violations alleged in the complaints by clear and convincing evidence and that the violations warranted disbarment. In sum, the evidence offered by the State Bar establishes that over several years Errico failed to properly disburse settlements funds; misappropriated settlement funds for his own use; failed to communicate with his clients about the status of their cases and the distribution of their settlement funds; and misrepresented information about settlement funds he had received to courts (in interpleader actions), lienholders, and the State Bar. Consistent with the stipulation and the evidence in the record, the State Bar established by clear and convincing evidence that Errico violated the rules referenced above. *See* SCR 105(3)(b) (providing that this court "employ[s] a deferential standard of review with respect to [the hearing panel's] findings of fact"); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (indicating that on appeal from a judgment in a civil action, this court will not set aside findings of fact unless they are clearly erroneous or not supported by substantial evidence); *see also In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995) (explaining that the State Bar has the burden of showing by clear and convincing evidence that an attorney committed the violations charged).

Although we must exercise our independent judgment as to the appropriate discipline, SCR 105(3)(b) (adopting de novo standard), the hearing panel's recommendations are persuasive, *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Considering those factors and Errico's stipulation, we agree that disbarment is warranted in order to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining that the purpose of attorney discipline is to protect the public, the courts, and the legal profession); Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). We disagree, however, that restitution can be imposed as discipline in conjunction with disbarment.

As Errico observes in his filing with this court, SCR 102 does not mention imposing restitution with disbarment. We recently addressed a similar issue with respect to imposing a monetary sanction as a form of discipline in conjunction with a suspension. *In re Discipline of Reade*, 133 Nev., Adv. Op. 87, 405 P.3d 105 (2017). Unlike the monetary sanction addressed in *Reade*, restitution is a recognized form of attorney discipline for misconduct involving misappropriation of client property or failure to refund fees for which no services were provided. *See* ABA Standards, *supra*, at 453-54 (providing for "sanctions and remedies" in addition to disbarment suspension, and censure, including restitution, appointment of a receiver, conditions on practice, and additional CLE requirements); Model R. Lawyer Disciplinary Enf't 10(a)(6) (providing that "[m]isconduct shall be grounds for one or more of" the sanctions identified in a list that includes "restitution to persons financially injured" (emphasis added)). Also unlike a monetary sanction, restitution generally serves the purpose of attorney discipline to protect the public and the profession by showing the attorney's rehabilitation and fitness to resume or continue the practice of law. *See*

*Sorensen v. State Bar*, 804 P.2d 44, 49 (Cal. 1991); *People v. Flores*, 804 P.2d 192, 195 (Colo. 1991). But when disbarment is permanent, as it is in Nevada, imposing additional forms of discipline does not further the purpose of attorney discipline—the public and profession are fully protected because the attorney is permanently removed from the practice of law, making rehabilitation irrelevant. Of the few other states with permanent disbarment, only Kentucky has expressly considered whether restitution can be imposed with permanent disbarment, observing that its rules do not allow any conditions with permanent disbarment and that a disbarred attorney is no longer subject to the court's direct supervision such that a remedy for injured clients "is more appropriately addressed" in a civil action for damages.[2] *Ky. Bar Ass'n v. Chesley*, 393 S.W.3d 584, 602 (Ky. 2013). Considering that SCR 102 does not provide for restitution in conjunction with permanent disbarment and that restitution does not further the purpose of attorney discipline when an attorney has been permanently disbarred, we cannot impose the recommended restitution in this matter regardless of the parties' stipulation as to the amount of restitution.[3]

---

[2]Oregon also has permanent disbarment, but its rules expressly authorize restitution in conjunction with disbarment. Or. State Bar R. P. 6.1(a). And while the Ohio Supreme Court has imposed restitution with permanent disbarment in at least two reported decisions, neither of those decisions discussed the authority for or purpose of doing so. *See Columbus Bar Ass'n v. Magee*, No. 2017-1737, 2018 WL 3943032 (Ohio Aug. 16, 2018); *Cleveland Metro. Bar Ass'n v. Cicirella*, 979 NE. 2d 244 (Ohio 2012).

[3]We acknowledge that this court has imposed restitution with disbarment after it made disbarment permanent in 2007. *See, e.g., In re Discipline of Morishita*, Docket No. 74280 (Order of Disbarment, March 9, 2018); *In re Discipline of Graham*, Docket No. 72693 (Order of Disbarment, Sept. 11, 2017); *In re Discipline of Harris*, Docket No. 71636 (Order of

We hereby disbar attorney William Errico from the practice of law in Nevada. Pursuant to SCR 102(1), disbarment is irrevocable. Errico shall pay administrative costs in the amount of $3,000 as provided in SCR 120(3), plus any costs for the disciplinary proceeding as specified in SCR 120(1) and set forth in the State Bar's Memorandum of Costs dated September 11, 2017. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
  William B. Terry, Chartered
  Bar Counsel, State Bar of Nevada
  Executive Director, State Bar of Nevada
  Admissions Office, U.S. Supreme Court

---

Disbarment, June 13, 2017); *In re Discipline of Chandler*, Docket Nos. 62790, 64798 (Order of Disbarment, Sept. 24, 2014). But our authority for and the purpose served by doing so were not raised in those cases, many of which were not contested.