631 S.E.2d 921

LAWYER DISCIPLINARY
BOARD, Complainant,

v.

Daniel J. POST, A Member of the West
Virginia State Bar, Respondent.

No. 31734.

Supreme Court of Appeals of
West Virginia.

Submitted May 10, 2006.

Decided May 25, 2006.

Lawrence J. Lewis, Charleston, Attorney for the Complainant.

Daniel J. Post, Respondent, Pro Se.

ALBRIGHT, Justice:

This matter arises as a reciprocal disciplinary action pursuant to Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure. By order of the Supreme Court of Colorado entered on July 10, 2001,[1] Respondent Daniel J. Post was disbarred in connection with misconduct involving nineteen different clients or groups of clients. Mr. Post, while represented by counsel, executed a "Stipulation of Facts and Admission of Misconduct"[2] with regard to the various disciplinary complaints filed against him in Colorado. Mr. Post did not take an appeal from the disbarment proceeding. The West Virginia Office of Disciplinary Counsel initiated this reciprocal disciplinary proceeding by no-

tice issued on April 28, 2003. Following a hearing on February 17, 2005,[3] the Hearing Panel Subcommittee recommended that Mr. Post's West Virginia law license be annulled and that he be required to pay the costs of the proceedings in the amount of $790.80. Based upon our review of the record in conjunction with the applicable rules, we order the annulment of Mr. Post's law license and the imposition of costs in the amount of $790.80.

## I. Factual and Procedural Background

Mr. Post, an inactive member of the West Virginia State Bar,[4] was admitted to the Colorado State Bar in January 1992. Five separate multi-count ethical complaints were filed against Mr. Post between the period of July 31, 1998, and August 17, 2000, by the Colorado disciplinary authorities. The complaints were consolidated for consideration and Mr. Post, or his counsel, filed responses in connection with the ethical complaints at issue.

During the pendency of the Colorado proceedings, Mr. Post moved for a continuance at an October 13, 1999, hearing. As grounds for this continuance, Mr. Post asserted that he had located counsel to represent him but that he needed additional time to prepare and that he "ha[d] not been able to properly think and react to his own case" because of his involvement in an automobile accident on September 21, 1999.

By order entered on October 13, 1999, the presiding disciplinary judge placed Mr. Post on disability inactive status pursuant to Rule 251.23 of the Colorado Rules of Civil Procedure.[5] As part of this same order, the pre-

1. The order was effective as of June 15, 2001.

2. The Stipulation was signed by Mr. Post and his counsel on August 25, 2000.

3. The matter was originally scheduled for hearing on July 19, 2004, but as a result of Mr. Post's "Motion for Psychiatric Examination and Finding of Mental Competence," the matter was continued to permit the requested examination. Following his examination of Mr. Post on September 21, 2004, Dr. Ralph S. Smith, Jr., opined that Mr. Post had no mental disorder rendering him incompetent to continue in these proceedings.

4. Mr. Post was admitted to the West Virginia State Bar in 1983. Counsel for the West Virginia Office of Disciplinary Counsel charged that Mr. Post did not, as required by the Rules of Lawyer Disciplinary Procedure, advise the West Virginia State Bar that he had been disbarred by the Colorado State Bar. See W.Va.R.Law.Disc.P. 3.20(b) (requiring that action taken in foreign disciplinary proceedings "shall" be reported within ten days).

5. Rule 251.23 provides, in relevant part, that:

   [i]f in the course of proceedings conducted pursuant to these Rules the lawyer alleges disability by reason of physical, mental or emo-

siding disciplinary judge suspended further proceedings in the pending disciplinary matters "until either, (1) counsel enters a general appearance on behalf of respondent in the three disciplinary cases or (2) respondent is restored to active status pursuant to the provisions of C.R.C.P. 251.30." The judge also directed that Mr. Post submit to an independent medical examination.

Counsel appeared with Mr. Post "in an advisory capacity" at the October 13, 1999, hearing and then formally appeared as counsel of record not later than December 13, 1999. On August 25, 2000, Mr. Post, with the assistance of his counsel, Daniel J. Schendzielos, executed a "Stipulation of Facts and Admission of Misconduct" with regard to the multiple ethical complaints at issue. The admitted instances of misconduct include neglect of client matters; failure to communicate with clients; failure to return client property and funds when appropriate or when representation was terminated; failure to provide competent representation; engaging in dishonesty and misrepresentation with regard to client dealings; and conversion of funds. As part of the Stipulation, Mr. Post admitted to violating numerous provisions of the Colorado Rules of Professional Conduct.

At the sanctions hearing on March 27, 2001,[6] the Colorado Hearing Board was presented with testimony from Mr. Post; one of Mr. Post's clients; Dr. Gary J. Gutterman;[7] Dr. Robert A. Kooken; and Dr. Robert Boyle.[8] After considering both mitigating and aggravating factors, the Hearing Board ordered that Mr. Post be disbarred and that he pay restitution totaling $15,000 to four of his clients and $18,500 to the Client Protection Fund. Although Mr. Post had the right to appeal the Hearing Board's decision to the Colorado Supreme Court, he did not take

such an appeal. Accordingly, his disbarment was imposed by order dated July 10, 2001.

Mr. Post requested a hearing in connection with his notification of the reciprocal disciplinary proceedings initiated in this state. When he appeared before the Hearing Panel Subcommittee on July 19, 2004, Mr. Post requested a psychiatric evaluation as to his competency. Dr. Ralph Smith performed this examination and concluded that Mr. Post had no mental disorder which rendered him incompetent to continue in these proceedings. Following its consideration of the evidence presented at the July 19, 2004, hearing, the Hearing Panel Subcommittee recommended annulment of Mr. Post's license to practice law and the imposition of costs in the amount of $790.80. Mr. Post objects to the recommended decision of the Hearing Panel Subcommittee.

## II. Standard of Review

Our review in this matter is *de novo.* See Syl. Pt.1, *Roark v. Lawyer Disc. Bd.,* 201 W.Va. 181, 495 S.E.2d 552 (1997); Syl. Pt. 3, *Comm. on Legal Ethics v. McCorkle,* 192 W.Va. 286, 452 S.E.2d 377 (1994). As we explained in *McCorkle,* we give respectful consideration to the Hearing Panel Subcommittee's recommendation as to questions of law and the appropriate sanction, while ultimately exercising independent judgment as to the sanction to be imposed. 192 W.Va. at 290, 452 S.E.2d at 381. Finally, we have recognized that once the matter is before this judicial body, "[t]he burden is on the attorney at law to show that the factual findings are not supported by reliable, probative, and substantial evidence on the whole adjudicatory record made before the Committee." *McCorkle,* 192 W.Va. at 290, 452 S.E.2d at 381. With these standards in mind, we proceed to discuss this matter.

tional infirmity or illness, including addiction to drugs or intoxicants, that impairs the attorney's ability to defend adequately in such proceedings, such proceedings shall be suspended and the Presiding Disciplinary Judge shall enter an order transferring the attorney to disability inactive status and order a medical examination of the attorney.
Col.R.Civ.P. 251.23(d).

6. A hearing scheduled for November 1, 2000, was postponed when Mr. Post's counsel moved

for a continuance due to his client's "various emotional conditions that precluded him from adequately assisting in the preparation and presentation of his case in mitigation."

7. Dr. Gutterman was appointed by the presiding disciplinary judge to perform an independent medical examination of Mr. Post.

8. Drs. Kooken and Boyle were called as witnesses on behalf of Mr. Post.

## III.   Discussion

█ This reciprocal disciplinary proceeding is governed by the Rules of Lawyer Disciplinary Procedure.  Pursuant to Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure, a final adjudication of professional misconduct in another jurisdiction conclusively establishes the fact of such misconduct for purposes of reciprocal disciplinary proceedings in this state.  Mr. Post does not dispute the fact of his disbarment by the Colorado State Bar or even the facts upon which the disbarment was predicated.  As grounds for challenging the recommended annulment of his West Virginia law license, he alleges that the Colorado disciplinary proceedings were deficient in terms of providing him with certain due process protections.[9]

We take the opportunity to observe that Mr. Post failed to comply with two provisions of Rule 3.20.  Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure imposes an affirmative duty on a lawyer to report the fact that he has been publicly disciplined or has voluntarily surrendered his license to practice in a foreign jurisdiction. W.Va.R.Law.Disc.P. 3.20(b).

█ Mr. Post did not inform the Office of Disciplinary Counsel of the disbarment action taken against him by the Colorado court system.  He similarly failed to comply with the provision of Rule 3.20 that provides:

> If the lawyer intends to challenge the validity of the disciplinary order entered in the foreign jurisdiction or the voluntary surrender of his or her license to practice law in connection with a disciplinary proceeding, the lawyer must request a formal hearing and file with the Office of Disciplinary Counsel a full copy of the record of the disciplinary proceedings which resulted in imposition of the disciplinary order or the voluntary surrender of a license to practice law.

W.Va.R.Law.Dis.P. 3.20(d).   Having no full record of the Colorado proceedings, our review of this matter is limited to only those documents that were presented to the Hearing Board.

Under the provisions of Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure, an attorney's right to challenge the disciplinary action of a foreign jurisdiction is limited to the following four grounds: (1) the procedure followed in the other jurisdiction violated due process;  (2) there was a total infirmity of proof of misconduct;  (3) imposition of the same discipline would result in a grave injustice;  or (4) the misconduct warrants a substantially different type of discipline.  In challenging the imposition of a reciprocal license annulment by this state, Mr. Post solely relies on an alleged violation of due process by the Colorado disciplinary authorities.

As support for his contention that due process was denied him, Mr. Post maintains that the procedures provided under Colorado law were not followed in conjunction with the ethical investigations which resulted in his disbarment.  Specifically, Mr. Post argues that because he did not apply for reinstatement after being placed on disability inactive status, he should never have been disbarred under Colorado law.  He relies on the provisions of Rule 251.23 of the Colorado Rules of Civil Procedure, which govern the procedures to be followed when, during the course of proceedings, an attorney alleges a disability that impairs his ability to defend himself. *See supra* n. 5. After a presiding Colorado judge places an attorney on disability inactive status, as occurred in this case, the judge is authorized to take the following action:

> (1) Order a hearing on the issue of whether the attorney suffers from a disability that impairs the attorney's ability to defend adequately in such other proceedings;

> (2) Continue the order transferring the lawyer to disability inactive status;

> (3) Discharge the order transferring the lawyer to disability inactive status, and order that the proceedings pending against the attorney be resumed;

---

9.   Mr. Post does not assert that he was denied the traditional procedural due process protections that include notice and an opportunity to be

heard.   *See Comm. on Legal Ethics v. Battistelli,* 185 W.Va. 109, 114, 405 S.E.2d 242, 248 (1991).

(4) *Enter any other appropriate order, including an order directing further examinations of the attorney.*

Col.R.Civ.P. 251.23(d) (emphasis supplied).

In this case, the presiding disciplinary judge entered an order which falls under the fourth category of authorized action. *See* Col.R.Civ.P. 251.23(d). While the pending disciplinary actions were suspended against Mr. Post following his placement on disability inactive status, the order entered by the presiding disciplinary judge expressly provided that the actions would be resumed upon one of two conditions. Those conditions were the appearance of counsel on Mr. Post's behalf or his reinstatement to active status.

Mr. Post argues that the Colorado disciplinary proceedings were wrongly resumed based on the fact he never sought reinstatement to active status. This contention is erroneous for two reasons. First, the rule does not expressly require that the act of seeking reinstatement is the sole means by which proceedings suspended because of an attorney's disability inactive status can be resumed. Second, the Colorado procedural rule pursuant to which Mr. Post was placed on disability inactive status unquestionably provides the presiding judicial officer with sufficient latitude and discretion to determine what action is required in each individual case. *See* Col.R.Civ.P. 251.23(d). An attorney's inability to represent himself while suffering from a disability is the root concern that underlies this procedural rule. Thus, in designating the appearance of counsel on behalf of the attorney suffering from a disability as a condition that would permit the disciplinary proceedings to resume, the presiding disciplinary judge was acting within the parameters of both the rule and its objectives. *See id.*

In arguing that the disciplinary proceedings were wrongly permitted to go forward, Mr. Post apparently overlooks the express conditioning of the resumption by the presiding disciplinary judge on one of two conditions: either the appearance of counsel on his behalf *or* his restoration to active status as a bar member. Clearly, the first condition was filled by the appearance of Mr. Schendzielos as his counsel in December 1999. Contrary to the position advocated by Mr. Post, we do not find any violation of the procedures set forth in Colorado Rule of Civil Procedure 251.23 with regard to the lifting of the suspension of the disciplinary proceedings.

As an additional basis for asserting a denial of due process with regard to the Colorado proceedings, Mr. Post contends that the proceedings were instigated in retaliation for earlier statements and actions taken by him on behalf of a client he was representing through which he made statements critical of the lack of independence that the Colorado disciplinary system had from the Colorado Supreme Court.[10] When Mr. Post personally became the subject of disciplinary investigations, he initiated several lawsuits in both state and federal court through which he alleged the denial of constitutional rights. All of these complaints were dismissed. Following his disbarment, Mr. Post filed a civil action in the United States District Court for Colorado against the Colorado Supreme Court and its disciplinary authority; the individuals on the Hearing Panel; and the Office of Attorney Regulation Counsel that prosecuted him. This lawsuit was dismissed with prejudice.

As the Lawyer Disciplinary Board aptly explains, each of these civil actions were collateral attacks on the ongoing disciplinary proceedings. And, as noted by the United States District Court for Colorado, the allegations were matters that should have been asserted in the disciplinary actions. Yet, Mr. Post never directly raised these issues in any of the matters filed against him. The Lawyer Disciplinary Board observes that none of the members of the Hearing Board that con-

---

10. Mr. Post represented an individual named Michael Varallo in disbarment proceedings in Colorado that occurred in the 1990's. In connection with his representation of Mr. Varallo, he filed lawsuits in the United States District Court of Colorado and in the Colorado State District Court. As the Lawyer Disciplinary Board notes, these suits were dismissed for lack of jurisdiction. The United States District Court of Colorado instructed Mr. Post that he could pursue his constitutional challenges by raising them in the first instance in the state disciplinary proceedings. *See Col. Supreme Ct. Grievance Comm. v. Dist. Ct.,* 850 P.2d 150, 153–54 (Colo.1993).

sidered his case were named defendants to any actions filed by Mr. Post until after the Hearing Board's decision to disbar Mr. Post became final.

Mr. Post's due process argument is not grounded in the traditional concept of notice and an opportunity to be heard. *See Comm. on Legal Ethics v. Battistelli*, 185 W.Va. 109, 114, 405 S.E.2d 242, 247 (1991) (recognizing that due process entitles an attorney in disciplinary proceedings to notice of the charges against him and an opportunity to be heard). Instead, he either challenges the structure of the Colorado disciplinary system or suggests that there was bias against him because the Hearing Board was comprised of individuals against whom he had brought charges of constitutional deprivation and fundamental unfairness.[11]

With regard to the structure of the Colorado disciplinary system, the Lawyer Disciplinary Board explains that there is an Attorney Regulation Committee and an Attorney Regulations Counsel; a separate Office of Presiding Disciplinary Judge; and a Hearing Board. The Hearing Board that heard Mr. Post's consolidated disciplinary action consisted of a presiding disciplinary judge and two hearing board members. Final decisions of the Hearing Board are appealable to the Colorado Supreme Court. The Lawyer Disciplinary Board submits, and we agree, that this structure does not present any facial violation of due process.

■ The failure of Mr. Post to raise any of these constitutional challenges in the proper forum—the Colorado court system—has resulted in a waiver of these matters. In *Battistelli*, we discussed an analogous Wisconsin reciprocal disciplinary action that involved the assertion of due process challenges for the first time in a reciprocal action:

Furthermore, the attorney never raised in Virginia the due process argument he relied on in the Wisconsin proceedings. The court concluded that the attorney had had adequate opportunity to argue a due process violation in the Virginia proceedings.

Having failed to do so, he had waived the right to raise the issue in subsequent proceedings. Consequently, the court allowed imposition of reciprocal discipline and revoked the attorney's license to practice in Wisconsin.

*Battistelli*, 185 W.Va. at 115, 405 S.E.2d at 248 (citing with approval, *In re Disciplinary Proceedings Against Brickle*, 135 Wis.2d 355, 400 N.W.2d 464, 467 (1987)).

In *Battistelli*, we found the failure of the lawyer to raise due process challenges despite the clear opportunity to assert such objections before the court that instituted the initial disciplinary action—the United States Court of Appeals for the Fourth Circuit—to be fatal to his assertion of those constitutional challenges in the reciprocal disciplinary matter. Similarly, the failure of Mr. Post to raise any of the constitutional challenges that he asserts for the first time in this reciprocal action in the course of the Colorado disciplinary proceedings and also to take an appeal from that action constitutes a waiver of those assertions.

The provisions of Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure require the imposition of the identical sanction imposed by the foreign jurisdiction unless one of the four grounds provided for challenging the discipline imposed by a foreign jurisdiction is both asserted and established. Having determined that Mr. Post has not succeeded in his attempt to challenge the Colorado disciplinary action on due process grounds, the same sanction of disbarment taken against Mr. Post by the Colorado court system is mandated by the rules.

Because Mr. Post failed to establish a ground for challenging the disbarment action imposed upon him by the Colorado court system, we are required under the Lawyer Disciplinary Rules to impose the same sanction instituted against him by the foreign court. Accordingly, we hereby adopt the recommendation of the Hearing Panel Subcommittee to . annul the law license of Mr. Post to practice law in this state. We further accept the recommendation of the Hearing Panel Subcommittee to require that Mr.

---

11. As the Lawyer Disciplinary Board pointed out, these charges were not brought until after the Hearing Board's decision to disbar Mr. Post was final.

Post pay the costs of the disciplinary pro-
ceedings in the amount of $790.80.

License Annulled.