**FILED**

**June 10, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 18-0363 – *Lawyer Disciplinary Board v. Doheny*

WOOTON, J., dissenting:

As the majority correctly observes, this Court declared private discipline of attorneys in West Virginia unconstitutional in 1984 as a violation of the open courts provision of the West Virginia Constitution art. III, § 17. *See Daily Gazette Co. v. Comm. on Legal Ethics of the W. Va. State Bar*, 174 W. Va. 359, 326 S.E.2d 705 (1984). Accordingly, when thereafter crafting the Rules of Lawyer Disciplinary Procedure, the Court authorized only forms of *public* discipline against members of the State Bar. *See* Rule 3.15 (outlining permissible sanctions). Commensurately, the Court crafted its "Reciprocal discipline" Rule 3.20 to authorize mutual discipline in this State upon notification of "any form of *public* discipline" rendered against a Bar member elsewhere. *See* Rule 3.20(b) (emphasis added); *see also* Rule 4.4 (authorizing Disciplinary Counsel to "seek reciprocal discipline when informed of any *public* discipline imposed in any other jurisdiction" (emphasis added)). This was plainly a deliberate and common sensical limitation; the same Rule requires, as its name suggests, that "the same discipline be imposed" in West Virginia, absent extenuating circumstances. Simply stated, since West Virginia permits only *public* discipline, West Virginia can only reciprocally impose "the same discipline" where the discipline received elsewhere is likewise public. Because the majority fails to observe the plain language of this Court's procedural Rules in this regard, I respectfully dissent.

1

I take no issue with the majority's conclusion that this Court maintains jurisdiction over every lawyer admitted in the State and that procedural violations do not necessarily serve to strip the Court of disciplinary "jurisdiction." Further, it is clear that respondent Doheny's Pennsylvania convictions could have properly formed the basis of disciplinary action under Rule 3.19 (providing for charges based upon conviction of felony), as was initially instituted. Therefore, any concern that a strict construction of the reciprocal discipline rules would allow sanctionable misconduct to elude the disciplinary process is entirely unwarranted. The Office of Disciplinary Counsel properly initiated proceedings under Rule 3.19; had it simply followed through with that action without then seeking the abridged procedures permitted through reciprocal discipline, respondent's felony conviction would have been afforded proper treatment under our Rules of Lawyer Disciplinary Procedure.[1]

However, by choosing to institute *reciprocal* discipline under Rule 3.20, the Office of Disciplinary Counsel relegated this matter to the construct and limitations placed upon that truncated disciplinary process in our Rules of Lawyer Disciplinary Procedure. As per Rule 3.20(a) and (d), in reciprocal proceedings the Hearing Panel Subcommittee is permitted to take action without a formal hearing and the respondent may only challenge the *validity* of the disciplinary order in the foreign jurisdiction. Further, reciprocal

---

[1] In fact, since that proceeding was stayed, no party offers any rationale why that proceeding could not simply recommence, affording a procedural remedy to this errant reciprocal proceeding that serves all interests and circumvents the majority's tortured interpretation of our own disciplinary rules.

discipline under Rule 3.20 makes no provision for a mitigation hearing as in Rules 3.18 and 3.19.  Very clearly, the procedural protections afforded under Rules 3.18 and 3.19 differ meaningfully from the abbreviated proceedings outlined in Rule 3.20.

Recognizing that the plain language of Rule 3.20 limits reciprocal discipline proceedings to *public* discipline received elsewhere, the Hearing Panel Subcommittee correctly found this matter could not proceed against respondent who was *privately* reprimanded.  Before this Court, counsel for the Lawyer Disciplinary Board effectively conceded as much.  Yet the majority concludes that despite Rule 3.20 and Rule 4.4's references tying reciprocal proceedings to only "public" discipline, the subsections of Rule 3.20 operate independently.  It finds that while a lawyer may only have a duty to notify the Office of Disciplinary Counsel of public discipline, it may still proceed with reciprocal proceedings based upon private discipline.[2]  However, to read the various subsections—all of which exist under the umbrella of the "Reciprocal discipline" rule—as being unrelated runs afoul of any reasonable concepts of construction:  "The rule concerning construction of statutory provisions *in pari materia* applies with at least as much force to subsections of

_____

[2] The majority fails to explain how the Office of Disciplinary Counsel would even become aware of private discipline.  The voluntary reporting of private discipline in this case would certainly not be expected to be the norm.  If rendering discipline in West Virginia for private discipline elsewhere is of such paramount importance that we must distort our Rules to allow it, it would seem the Rule would have required notification of *any* discipline rendered elsewhere.

3

one section as it does to more than one section of statutory provisions." *Courtney v. State Dep't of Health of W. Va.*, 182 W. Va. 465, 470 n.6, 388 S.E.2d 491, 496 n.6 (1989).[3]

More to the point, the requirement that reciprocal discipline procedures be limited to public discipline rendered elsewhere is a simple matter of practicality: because West Virginia does not recognize private discipline, rendering reciprocal, *identical* discipline in West Virginia is an impossibility. This Court has repeatedly held in reciprocal discipline cases that "[t]he provisions of Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure require the imposition of the *identical* sanction imposed by the

---

[3] The majority not only untethers the various subsections from each other but extends subsection (a) beyond the context of reciprocal proceedings. Isolating subsection (a)'s provision that final adjudication conclusively establishes conduct for purposes of proceedings under "these rules," it extrapolates that phrase to mean that reciprocal proceedings are not limited by the Rule's language generally. However, this Court has previously held just the opposite, expressly limiting subsection (a) to the context of reciprocal proceedings: "Pursuant to Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure, a final adjudication of professional misconduct in another jurisdiction conclusively establishes the fact of such misconduct *for purposes of reciprocal disciplinary proceedings in this state*." Syl. Pt. 1, *Law. Disciplinary Bd. v. Post*, 219 W. Va. 82, 631 S.E.2d 921 (2006) (emphasis added).

Further, any suggestion that subsection (a)—which contains no "public" restriction— is the authorizing and governing provision for reciprocal discipline misreads the Rule altogether. Subsection (a) is fairly described as making simply an evidentiary allowance, i.e. where the misconduct is proven elsewhere, it is proven here. Subsection (b) is the notice provision, limited only to "*public* discipline." (Emphasis added). Subsection (c), if any, is the enabling provision for reciprocal discipline, stating that upon notice that an attorney has been "*publicly* disciplined" the Office of Disciplinary Counsel "shall" refer the matter to the Hearing Panel Subcommittee. (Emphasis added). Nowhere does the Rule allow, much less mandate, action *under the reciprocal discipline rule* upon notification of private discipline. However, as indicated *supra*, notification of respondent's felony conviction alone permits discipline under Rule 3.19.

foreign jurisdiction unless one of the four grounds provided for challenging the discipline imposed by a foreign jurisdiction is both asserted and established." Syl. Pt. 4, *Law. Disciplinary Bd. v. Post,* 219 W. Va. 82, 631 S.E.2d 921 (2006) (emphasis added); *see also Comm. on Legal Ethics of the W. Va. State Bar v. Battistelli*, 185 W. Va. 109, 116, 405 S.E.2d 242, 249 (1991) (finding that discipline initiated under the reciprocal discipline procedures "requires imposition of the *identical* sanction imposed by the other jurisdiction in the absence of one of the enumerated exceptions" and collecting cases). As indicated above, at the time the Rules of Lawyer Disciplinary Procedure were adopted, this Court had long since held that private discipline was unconstitutional. It is no surprise therefore that the Rule permitting a "short-cut," reciprocal proceeding designed to simply mirror the discipline issued elsewhere must be limited to discipline which this Court can mimic under its disciplinary authority.

Further, the exceptions to the imposition of "the same discipline" under Rule 3.20(e) provide no escape hatch to impose reciprocal discipline which differs from the other jurisdiction in respondent's case. Exceptions (1) through (3) to imposition of "the same discipline" are designed to mitigate any unfairness to a respondent attorney through strict application of the same discipline imposed in the other jurisdiction. If the procedure in the other jurisdiction did not comply with due process, if the proof was "infirm," or the same discipline here would result in a "grave injustice," the same discipline need not be recommended by the Hearing Panel Subcommittee. *See* Rule 3.20(e). Only the final exception—where "the misconduct proved warrants [] a substantially different type of

5

discipline be imposed"—may the Hearing Panel Subcommittee recommend anything other than identical discipline. Here, the Lawyer Disciplinary Board sought an enhanced discipline—public reprimand, rather than private—not because the "*misconduct . . . warrant[ed]*" it, but because our Court simply has not authorized a private reprimand. (Emphasis added).

Because West Virginia has no disciplinary measure "identical" to the private reprimand issued by the Pennsylvania Disciplinary Board, it cannot effectuate reciprocal discipline pursuant to and as authorized by our Rules of Disciplinary Procedure. The proper mechanism was the one chosen and then abandoned by Office of Disciplinary Counsel: Rule 3.19. It is simply unnecessary to torturously read our own Rules of Disciplinary Procedure in order to hold respondent to account in West Virginia. Accordingly, I respectfully dissent to the majority's remand for further proceedings and would adopt the Hearing Panel Subcommittee's recommendation to dismiss the proceedings.