IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2024 Term

_____

No. 18-0363

_____

FILED

**June 7, 2024**

**released at 3:00 p.m.**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LAWYER DISCIPLINARY BOARD,
Petitioner,

V.

PATRICK DOHENY,
a Member of the West Virginia State Bar,
Respondent.

_____

Lawyer Disciplinary Proceeding

ADMONISHMENT AND COSTS

_____

Submitted: February 6, 2024
Filed: June 7, 2024

Rachael L. Fletcher Cipoletti, Esq.
Chief Lawyer Disciplinary Counsel
Andrea J. Hinerman, Esq.
Senior Lawyer Disciplinary Counsel
Office of Lawyer Disciplinary Counsel
Charleston, West Virginia
Attorneys for the Petitioner

Patrick J. Doheny, Jr., Esq.
Pittsburgh, Pennsylvania
Self-Represented Litigant

JUSTICE BUNN delivered the Opinion of the Court.

JUSTICE WOOTON dissents and may write separately.

**SYLLABUS BY THE COURT**


1.      "Pursuant to Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure, a final adjudication of professional misconduct in another jurisdiction conclusively establishes the fact of such misconduct for purposes of reciprocal disciplinary proceedings in this state." Syllabus point 1, *Lawyer Disciplinary Board v. Post*, 219 W. Va. 82, 631 S.E.2d 921 (2006).


2.      "A *de novo* standard applies to a review of the adjudicatory record made before the [Hearing Panel Subcommittee of the Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the [Subcommittee's] recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the [Subcommittee's] findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record." Syllabus point 3, *Committee on Legal Ethics of the West Virginia State Bar v. McCorkle*, 192 W. Va. 286, 452 S.E.2d 377 (1994).


3.      "This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syllabus point 3, *Committee on Legal Ethics of the West Virginia State Bar v. Blair*, 174 W. Va. 494, 327 S.E.2d 671 (1984).

i

4.      "'The general rule is that when a question has been definitively determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal[,] and it is regarded as the law of the case.' Syl. Pt. 1, *Mullins v. Green*, 145 W. Va. 469, 115 S.E.2d 320 (1960)." Syllabus point 6, *Lawyer Disciplinary Board v. Macia*, 246 W. Va. 317, 873 S.E.2d 848 (2022).

5.      "The provisions of Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure require the imposition of the identical sanction imposed by the foreign jurisdiction unless one of the four grounds provided for challenging the discipline imposed by a foreign jurisdiction is both asserted and established." Syllabus point 4, *Lawyer Disciplinary Board v. Post*, 219 W. Va. 82, 631 S.E.2d 921 (2006).

6.      "Under West Virginia Constitution art. III, § 17, which provides that 'The courts of this State shall be open,' there is a right of public access to attorney disciplinary proceedings." Syllabus point 4, *Daily Gazette Co., Inc. v. Committee on Legal Ethics of the West Virginia State Bar*, 174 W. Va. 359, 326 S.E.2d 705 (1984).

7.      "The right of public access to attorney disciplinary proceedings precludes utilization of [a] private reprimand as a permissible sanction." Syllabus point 7, *Daily Gazette Co., Inc. v. Committee on Legal Ethics of the West Virginia State Bar*, 174 W. Va. 359, 326 S.E.2d 705 (1984).

**BUNN, Justice:**

This matter is before us following a remand ordered in *Lawyer Disciplinary Board v. Doheny* ("*Doheny I*"), 247 W. Va. 53, 875 S.E.2d 191 (2022). The action stems from a reciprocal lawyer disciplinary proceeding against Respondent Patrick Doheny, a member of the West Virginia State Bar, pursuant to Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure.[1] In January 2017, Mr. Doheny reported to the Office of Lawyer Disciplinary Counsel ("ODC") regarding a private reprimand imposed upon him by the Disciplinary Board of the Supreme Court of Pennsylvania ("Pennsylvania Board"). Subsequently, the ODC filed a notice indicating it was seeking reciprocal discipline. The notice explained that the ODC would seek a different discipline because this Court has held that the West Virginia Constitution does not allow for the imposition of a private discipline.

In *Doheny I*, Mr. Doheny sought dismissal of the ODC's reciprocal disciplinary action because (1) the sanction he received in Pennsylvania was private, not public, and (2) neither the Hearing Panel Subcommittee ("HPS") of the Lawyer Disciplinary Board ("LDB") nor this Court had jurisdiction to proceed in a reciprocal disciplinary action against him. We concluded that both the HPS and this Court have jurisdiction over the matter and remanded it to the HPS to proceed with the reciprocal

---

[1] Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure allows this Court to impose reciprocal professional discipline when a member of the West Virginia State Bar is either sanctioned by a lawyer disciplinary authority in another jurisdiction or voluntarily surrenders his or her law license issued by another jurisdiction in connection with a disciplinary proceeding.

1

disciplinary process pursuant to the West Virginia Rules of Lawyer Disciplinary Procedure. On remand, the HPS recommended that Mr. Doheny be publicly admonished and directed to pay the costs of the reciprocal disciplinary proceeding. We adopt the recommendation.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Doheny was admitted to the West Virginia Bar on October 10, 2001.[2] In October 2011, he was involved in a driving under the influence ("DUI")-related motor vehicle accident in Allegheny County, Pennsylvania. Mr. Doheny's vehicle crossed the center line of a roadway and collided with a motorcycle traveling in the opposite direction. The operator of the motorcycle sustained serious injuries. The Commonwealth of Pennsylvania instituted criminal proceedings against Mr. Doheny.[3] Following a bench trial,

---

[2] He was admitted to the bar of the Commonwealth of Pennsylvania on October 12, 2000.

[3] The trial court in those proceedings summarized the trial testimony as follows:

> "The evidence adduced at trial demonstrated that [the victim] was operating his motorcycle on Baum Boulevard in the . . . City of Pittsburgh on October 5, 2011[,] during the evening hours. He was travelling approximately 30 miles per hour in an area that had a speed limit of 35 miles per hour. As he was heading west in the curb lane on Baum Boulevard, a car in the oncoming lane operated by [Mr. Doheny] began swerving out of control across the double yellow line in the center of the road. [Mr. Doheny's] vehicle crossed into the left lane and then the curb lane of oncoming traffic and collided

in January 2013, the Pennsylvania court convicted Mr. Doheny of (1) one count of aggravated assault by a motor vehicle while DUI; (2) DUI resulting in bodily injury; (3) DUI – high rate of alcohol; (4) DUI – general impairment; and (5) failure to keep right.[4]

*See Commonwealth v. Doheny*, No. 846 WDA 2017, 2018 WL 6803713, at *2 (Pa. Super. Ct. Dec. 27, 2018). In February 2013, Mr. Doheny self-reported to the ODC that he was convicted in the Court of Common Pleas of Allegheny County, Pennsylvania of several criminal offenses. Upon receipt, the LDB initiated an investigation. However, according to the ODC, on September 23, 2015, the Chair of the Investigative Panel of the LDB issued

---

> with [the victim's] motorcycle. [The victim] was thrown from the motorcycle. . . . He was not able to get up from the street and he could not move his left arm and left leg.

*Commonwealth v. Doheny*, No. 846 WDA 2017, 2018 WL 6803713, at *1 (Pa. Super. Ct. Dec. 27, 2018) (quoting *Commonwealth v. Doheny*, 121 A.3d 1125 (Pa. Super. Ct. April 9, 2015) (unpublished memorandum at *2-4)).

The court also described the victim's injuries. *Id.* Specifically, the victim "sustained a compound fracture of the left tibia, a shattered, broken left elbow, a dislocated leg, a fractured hip and various other injuries." *Id.* As a result of these injuries, the victim remained hospitalized for a week and spent an additional three weeks in a nursing home. *Id.* At the time of the underlying criminal trial, the victim "had residual effects of his injuries" including "permanent limited range of motion in his left elbow, . . . loss of feeling in two fingers[,] and . . . walks with a limp." *Id.*

[4] The court acquitted Mr. Doheny of an additional count of reckless driving. Subsequently, the court sentenced Mr. Doheny on June 24, 2013, as follows: (1) placement into a county intermediate punishment program for a period of eighteen months which consisted of house arrest, work release, and an ankle monitoring device; (2) probation for a period of four years supervised by the Allegheny County Adult Probation Office subject to the following conditions: (a) payment of restitution in the amount of $1.00; (b) have no contact with victim; (c) perform 100 hours of community service; and (d) do not operate a motor vehicle unless and until driver's license is restored; (3) perform court-ordered drug and alcohol evaluation; (4) attend safe driving classes; and (5) payment of a $500.00 fine. His punishment commenced on June 24, 2013, and his probation continued until June 2017.

3

a stay pending the resolution of Mr. Doheny's underlying criminal charges and Pennsylvania disciplinary proceedings.[5] During this time, Mr. Doheny challenged his convictions at all stages of appeal. The matter became final on March 9, 2016.[6] On January 5, 2017, the Pennsylvania Board issued Mr. Doheny a private reprimand.[7] By letter dated January 10, 2017, Mr. Doheny informed the ODC that he received a private reprimand and enclosed the reprimand and related disciplinary documents.

On April 24, 2018, the ODC filed a "Notice of Reciprocal Disciplinary Action Pursuant to Rule 3.20 of the Rules of Lawyer Disciplinary Procedure." Paragraph 9 of the notice informed Mr. Doheny that the ODC would request that the HPS impose a

---

[5] In *Committee on Legal Ethics of the West Virginia State Bar v. Pence*, we explained that as a general rule, the preferable approach in disciplinary proceedings is to defer the disciplinary proceeding until there is a termination of any pending criminal litigation "involving substantially similar factual allegations, provided that the respondent-attorney proceeds with reasonable dispatch to insure the prompt prosecution and conclusion of the pending litigation." 161 W. Va. 240, 252, 240 S.E.2d 668, 674 (1977) (per curiam).

In a May 4, 2018 correspondence to the ODC, Mr. Doheny agreed that waiting until after the conclusion of the Pennsylvania disciplinary proceedings "made the most sense for all parties involved, in that Pennsylvania, and not West Virginia, had primary jurisdiction over the incidents that gave rise to everything."

[6] Subsequently, Mr. Doheny filed a petition for post-conviction collateral relief which the Court of Common Pleas of Allegheny County denied. Mr. Doheny appealed; the Superior Court of Pennsylvania affirmed the denial of the petition for post-conviction relief. *See Doheny*, No. 846 WDA 2017, 2018 WL 6803713, at *4

[7] The Disciplinary Board of the Supreme Court of Pennsylvania found a violation of Rule 203(b)(1) of the Pennsylvania Rules of Disciplinary Enforcement which provides for discipline upon a finding that the attorney has been convicted of a crime.

similar, but not the exact, sanction as the Pennsylvania Board because the West Virginia Rules of Lawyer Disciplinary Procedure do not provide for a private reprimand as a permissible sanction. In Paragraphs 7 and 10, in accordance with Rule 3.20(d) of the Rules of Lawyer Disciplinary Procedure, the ODC notified Mr. Doheny of his right to challenge the validity of his Pennsylvania discipline and to request a formal hearing within thirty days. The ODC further directed him to provide a complete copy of the record from the Pennsylvania disciplinary proceedings.

Following this notice, Mr. Doheny failed to challenge the validity of his Pennsylvania discipline, request a formal hearing, or provide a complete copy of the record to the ODC. Instead, Mr. Doheny twice moved this Court to dismiss the reciprocal disciplinary proceeding. In his motions, Mr. Doheny argued that the HPS, and ultimately this Court, lacked jurisdiction over the proceeding because West Virginia does not have an exact corresponding private discipline and Rule 3.20 only allows for reciprocal discipline for public discipline from a foreign jurisdiction. The ODC responded, and this Court refused both motions.

In an order following a prehearing conference, the HPS determined that an evidentiary hearing was not necessary because the facts were not contested. Further, even though this Court had denied Mr. Doheny's motions to dismiss based upon lack of jurisdiction, the HPS still concluded that a "threshold issue to be addressed in these proceedings is whether the HPS, and indeed [this Court], has subject matter jurisdiction[.]"

5

After briefing by both parties, the HPS issued a recommended decision ("first recommended decision") agreeing with Mr. Doheny and concluding that both it and this Court lacked jurisdiction in Mr. Doheny's reciprocal disciplinary matter. The HPS recommended that we dismiss the matter and seal the underlying record. The ODC objected.

In *Doheny I*, we determined that pursuant to Rules 3.20(a) and 4.4(4)[8] of the West Virginia Rules of Lawyer Disciplinary Procedure, this Court and the HPS have jurisdiction and "authority to impose reciprocal discipline regardless of whether the underlying discipline imposed by the foreign jurisdiction is private or public." 247 W. Va. at 61, 875 S.E.2d at 199. Consequently, the ODC's decision to pursue this disciplinary proceeding as a reciprocal action was not erroneous. *Id.* This Court also denied Mr. Doheny's request to seal the record of this disciplinary proceeding. *Id.* at 62, 875 S.E.2d at 200. We remanded the matter to the HPS for further proceedings. *Id.*

The HPS held a telephonic status conference on February 22, 2023, following the remand from *Doheny I*. During this status conference, Mr. Doheny admitted that he did not request a hearing pursuant to the notice or Rule 3.20(d) because "[he] never contested . . . the validity of the Pennsylvania proceedings." He then orally moved for a

---

[8] Rule 4.4(4) of the West Virginia Rules of Lawyer Disciplinary Procedure provides, in pertinent part, that the ODC has authority to prosecute violations of the West Virginia Rules of Professional Conduct.

6

hearing. The HPS denied the motion as untimely. The ODC requested that the HPS recommend a public admonishment as the appropriate discipline.[9]

On July 25, 2023, the HPS issued its recommended decision ("second recommended decision") concluding that the private reprimand order from the Pennsylvania Board "conclusively establishes [Mr. Doheny's] misconduct for the purposes of this reciprocal disciplinary proceeding." It further found that Mr. Doheny failed to show that the proceeding in Pennsylvania violated due process requirements or that the "proof upon which [his Pennsylvania] disciplinary action was based was so infirm so as to taint the final disposition of the case." The HPS ultimately recommended that Mr. Doheny be publicly admonished and directed to pay the costs of the disciplinary proceeding, noting that it was the closest discipline to a private reprimand allowed by West Virginia law.[10] The ODC consented to the recommended discipline; however, Mr. Doheny filed an objection.

---

[9] Mr. Doheny also filed a written motion to exclude certain documents regarding the private reprimand in Pennsylvania asserting that these documents were "privileged and confidential" and that the ODC "stole and/or illegally misappropriated" them. The HPS denied the motion finding that the "documents had been provided to [the] ODC consistent with the applicable Rule[s] of Lawyer Disciplinary Procedure."

[10] Two of the three members of the HPS concurred in a separate decision stating that they reluctantly concurred in the second recommended decision. The concurring members asserted that they believed this Court's reasoning in *Doheny I* was erroneous and that the HPS and this Court do not have jurisdiction in reciprocal disciplinary proceedings where the discipline from the foreign jurisdiction is not public.

7

## II.

## STANDARD OF REVIEW

Mr. Doheny's professional misconduct in Pennsylvania has been conclusively proven. We have previously held that "[p]ursuant to Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure, a final adjudication of professional misconduct in another jurisdiction conclusively establishes the fact of such misconduct for purposes of reciprocal disciplinary proceedings in this state." Syl. pt. 1, *Law. Disciplinary Bd. v. Post*, 219 W. Va. 82, 631 S.E.2d 921 (2006).[11] Nonetheless, regarding issues addressed by the HPS and on the question of the reciprocal disciplinary sanction to impose, this Court applies the following standards:

> A *de novo* standard applies to a review of the adjudicatory record made before the [Hearing Panel Subcommittee of the Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the [Subcommittee's] recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the [Subcommittee's] findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

---

[11] To the extent that Mr. Doheny objects to this Court's consideration of the use of the private reprimand documents *he provided* to the ODC arguing that they have not been authenticated, he cannot now complain that he essentially submitted false documents purporting to be a disciplinary order. Indeed, in his second motion to dismiss, Mr. Doheny admitted that he had "no intention of 'challenging the validity' of the discipline entered in Pennsylvania[.]" Rather, he admitted that he "fully acknowledge[d] the validity of his *Private Reprimand* in Pennsylvania[.]"

Syl. pt. 3, *Comm. on Legal Ethics of the W. Va. State Bar v. McCorkle*, 192 W. Va. 286, 452 S.E.2d 377 (1994). While we respectfully consider the HPS's recommendations, "[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syl. pt. 3, *Comm. on Legal Ethics of the W. Va. State Bar v. Blair*, 174 W. Va. 494, 327 S.E.2d 671 (1984).

## III.

## DISCUSSION

As an initial matter, we address Mr. Doheny's cross-assignment of error which urges this Court to reconsider its previous decision in *Doheny I* that the HPS and this Court have jurisdiction over Mr. Doheny's reciprocal disciplinary action. Mr. Doheny argues that both the HPS in its second recommended decision and this Court in *Doheny I* "erred in failing to apply the longstanding and controlling precedents" that the HPS set forth its first recommended decision. We decline to reconsider our previous ruling.

First, Mr. Doheny failed to file a petition for rehearing following this Court's decision in *Doheny I*. Rule 36 of the West Virginia Rules of Appellate Procedure provides for this Court's consideration and disposition of disciplinary actions. Pursuant to that Rule, once this Court "has issued a scheduling order, all subsequent filings in the action and [this Court's] final disposition of the case are controlled by the Rules of Appellate Procedure." W. Va. R. App. P. 36. Consequently, once this Court filed its decision in *Doheny I*, Mr.

9

Doheny had thirty days to file a petition for rehearing if he believed that this Court had "overlooked or misapprehended" any "points of law or fact[.]" W. Va. R. App. P. 25. On July 12, 2022, after the time period for a petition for rehearing had expired, this Court issued a mandate in *Doheny I*, pursuant to Rule 26 of the West Virginia Rules of Appellate Procedure declaring that the case was "now final" and "certified to the Lawyer Disciplinary Board and to the parties." We remanded the matter to the HPS and removed the case from our docket. It is well established that "[w]hen a case is remanded by this Court, . . . the mandate rule is implicated[.]" *State ex rel. W. Va. Univ. Hosps., Inc. v. Gaujot*, 248 W. Va. 138, 154, 887 S.E.2d 571, 587 (2022) (footnote omitted). Pursuant to the mandate rule, a lower tribunal "has no power, in a cause decided by the Appellate Court, to re-hear it as to any matter so decided[.]" Syl. pt. 1, in part, *Johnson v. Gould*, 62 W. Va. 599, 59 S.E. 611 (1907).

When we issued the mandate and our decision in *Doheny I* became final, this Court definitively determined that both the HPS and this Court had jurisdiction over Mr. Doheny's lawyer disciplinary action.

> "The general rule is that when a question has been definitively determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal[,] and it is regarded as the law of the case." Syl. Pt. 1, *Mullins v. Green*, 145 W. Va. 469, 115 S.E.2d 320 (1960).

Syl. pt. 6, *Law. Disciplinary Bd. v. Macia*, 246 W. Va. 317, 873 S.E.2d 848 (2022). We have noted that "[t]he law of the case doctrine provides that a prior decision in a case is

10

binding upon subsequent stages of litigation between the parties in order to promote finality." *State ex rel. TermNet Merch. Servs., Inc. v. Jordan*, 217 W. Va. 696, 702 n.14, 619 S.E.2d 209, 215 n.14 (2005). Therefore, we conclusively determined the issue regarding our jurisdiction over Mr. Doheny's reciprocal disciplinary matter and it is no longer subject to challenge on appeal.[12]

Having concluded that this Court has jurisdiction, we must next decide whether to adopt the HPS's second recommended discipline that Mr. Doheny be publicly admonished and directed to pay the costs of the reciprocal disciplinary proceeding. Pursuant to Rule 3.20(a) of the West Virginia Rules of Lawyer Disciplinary Procedure, this Court may impose reciprocal professional discipline when a member of the West Virginia State Bar receives "[a] final adjudication in another jurisdiction, whether state or federal, of misconduct constituting grounds for discipline of a lawyer[.]" As discussed above, the final private reprimand order from Pennsylvania conclusively establishes the underlying

---

[12] This Court has previously noted that the law of the case rule is not absolute, but the exceptions are rare. *See Phares v. Brooks*, 214 W. Va. 442, 447 n.4, 590 S.E.2d 370, 375 n.4 (2003) (per curiam) (recognizing that the law of the case is "not absolute" and that there are limited circumstances that are "narrowly configured and seldom invoked" may allow the circuit court's departure from the Court's mandates (quotations and citations omitted)). However, in the present case, Mr. Doheny has repeated the same arguments that he set forth in *Doheny I*. He has failed to make any legal argument justifying this Court's departure from our holding in *Doheny I*. *C.f.* Syl., *Smith v. United Fuel Gas Co.*, 115 W. Va. 127, 174 S.E. 782 (1934) ("It is the general rule that a decision on a particular point on a former hearing will be regarded as the law of the case on a second appeal unless new pleadings and new evidence adduced on the subsequent trial call for a different judgment.").

conduct and violation of our Rules. Furthermore, Mr. Doheny did not timely request a hearing to challenge the Pennsylvania proceedings. In fact, Mr. Doheny has not provided any argument below or before this Court disputing the validity of those Pennsylvania proceedings.

Rule 3.20(e) of the West Virginia Rules of Lawyer Disciplinary Procedure sets forth the general guidelines that the HPS must follow when determining an appropriate recommended sanction in a reciprocal disciplinary matter:

> At the conclusion of proceedings brought under this section, the Hearing Panel Subcommittee shall refer the matter to the Supreme Court of Appeals with the recommendation that the same discipline be imposed as was imposed by the foreign jurisdiction unless it is determined by the Hearing Panel Subcommittee that (1) the procedure followed in the foreign jurisdiction did not comport with the requirements of due process of law; (2) the proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court of Appeals cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction; (3) the imposition by the Supreme Court of Appeals of the same discipline imposed in the foreign jurisdiction would result in grave injustice; or (4) the misconduct proved warrants that a substantially different type of discipline be imposed by the Supreme Court of Appeals.

We have explained that "[t]he provisions of Rule 3.20 of the West Virginia Rules of Lawyer Disciplinary Procedure require the imposition of the identical sanction imposed by the foreign jurisdiction unless one of the four grounds provided for challenging the discipline imposed by a foreign jurisdiction is both asserted and established." Syl. pt. 4, *Post*, 219 W. Va. 82, 631 S.E.2d 921.

12

This Court is unable to impose an identical sanction in this matter because in West Virginia it is unconstitutional to institute a private discipline. The ODC notified Mr. Doheny at the outset of this reciprocal disciplinary proceeding that it would seek a different discipline because private reprimands violate the West Virginia Constitution. We have held that "[u]nder West Virginia Constitution art. III, § 17, which provides that 'The courts of this State shall be open,' there is a right of public access to attorney disciplinary proceedings." Syl. pt. 4, *Daily Gazette Co., Inc. v. Comm. on Legal Ethics of the W. Va. State Bar*, 174 W. Va. 359, 326 S.E.2d 705 (1984). This Court clarified that "[t]he right of public access to attorney disciplinary proceedings precludes utilization of [a] private reprimand as a permissible sanction." Syl. pt. 7, *Daily Gazette*, 174 W. Va. 359, 326 S.E.2d 705. Therefore, because the ODC was constitutionally precluded from seeking a private reprimand, it effectively invoked Rule 3.20(e)(4) by pursuing a "substantially different" discipline.

Rule 3.15 of the West Virginia Rules of Lawyer Disciplinary Procedure enumerates the permissible sanctions this Court may impose in lawyer disciplinary proceedings.[13] While the ODC could not impose a private reprimand it still sought to

---

[13] West Virginia Rule of Lawyer Disciplinary Procedure 3.15 provides that the

> [HPS] may recommend or the Supreme Court of Appeals may impose any one or more of the following sanctions for a violation of the Rules of Professional Conduct or pursuant to Rule 3.14: (1) probation; (2) restitution; (3) limitation on the nature or extent of future practice;

13

comply with the spirit of Rule 3.20 by imposing a discipline as closely related as possible. The most similar discipline to a private reprimand in West Virginia is a public admonishment.[14] The American Bar Association *Standards for Imposing Lawyer Sanctions* describe an "admonition" as a "reprimand" and indicate that this discipline declares the lawyer's conduct to be improper but does not restrict the right to practice law. Lawyers' Manual on Professional Conduct, *Model Standards for Imposing Lawyer Sanctions*, § 2.6 Admonition (Am. Bar Ass'n 2019). It defines a "reprimand" as "discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice." *Id.* § 2.5 Reprimand. Accordingly, both a private reprimand and a public admonishment have comparable results of finding the underlying conduct to be improper without restricting the attorney's right to practice. The difference is that one is public while one is private. We agree with the HPS that there was a need for a substantially different type of discipline

---

(4) supervised practice; (5) community service; (6) admonishment; (7) reprimand; (8) suspension; or (9) annulment.

Additionally, "[w]hen a sanction is imposed, the [HPS] or the Court shall order the lawyer to reimburse the Lawyer Disciplinary Board for the costs of the disciplinary proceeding unless the panel or the Court finds the reimbursement will pose an undue hardship on the lawyer." *Id.*

[14] In West Virginia, admonishments are less severe than reprimands, although both are public. *See Law. Disciplinary Bd. v. Sullivan*, 230 W. Va. 460, 463, 740 S.E.2d 55, 58 (2013) (per curiam) (stating that a public reprimand is a "heightened form" of a public admonishment); *Law. Disciplinary Bd. v. Grindo*, 231 W. Va. 365, 372, 745 S.E.2d 256, 263 (2013) (per curiam) ("A public reprimand is a more severe sanction than admonishment but a lesser sanction than suspension of [a] law license.").

14

because this Court may not constitutionally impose a private reprimand and the public admonishment is the most similar type of disciplinary sanction.

Furthermore, we also find sua sponte that the underlying criminal misconduct itself requires a substantially different type of discipline.[15] The Pennsylvania Board based Mr. Doheny's private reprimand on several criminal convictions—including at least one felony. Mr. Doheny caused a very serious motor vehicle accident while he was intoxicated which resulted in significant injuries to the other driver, including multiple fractured bones and permanent limited range of motion in the individual's elbow.

Imposing a different form of discipline is consistent with our previous decisions involving disciplinary sanctions based on criminal convictions. Even though, in those cases, the previous proceedings' disciplinary sanctions were not based on Rule 3.20 reciprocal discipline, they provide guidance. *See, e.g.*, *Law. Disciplinary Bd. v. Askin*, 203 W. Va. 320, 324, 507 S.E.2d 683, 687 (1998) (per curiam) (adopting the recommendation that the "law license of Mr. Askin should be annulled based upon his criminal contempt

---

[15] This Court has previously declined "to make its own determination regarding the presence of any of the four exceptions to imposing the same sanction as a foreign jurisdiction in a reciprocal disciplinary proceeding" when neither the lawyer nor the HPS asserted that an exception applied or that different discipline should be imposed. *Law. Disciplinary Bd. v. Folwell*, No. 11-1279, 2012 WL 3116011, at *3 (W. Va. June 7, 2012) (memorandum decision). In *Folwell*, this Court lacked an appropriate record for an independent review. *Id.* However, our decision that the misconduct itself requires a substantially different discipline is factually established in this case.

15

conviction."); *Law. Disciplinary Bd. v. Sidiropolis*, 241 W. Va. 777, 788, 828 S.E.2d 839, 850 (2019) ("This Court previously has upheld multi-year suspensions in cases involving the use of illegal drugs."); *Comm. on Legal Ethics of the W. Va. State Bar v. White*, 189 W. Va. 135, 136-37 428 S.E.2d 556, 557-58 (1993) (per curiam) (suspending lawyer for two years after he pleaded guilty to possession of cocaine, marijuana, and Percocet). Furthermore, other jurisdictions have found similar criminal conduct to support discipline more severe than a private reprimand. *See e.g.*, *In re Steiner*, 817 A.2d 793, 795-99 (Del. 2003) (imposing a three-year suspension following attorney's plea of guilty to two counts of second-degree vehicular assault and one count of DUI).[16] Based on our precedent and that of other jurisdictions, we find that Mr. Doheny's underlying criminal convictions involving DUI causing serious bodily injury require a "substantially different type of discipline" from a private reprimand.

Considering the unique circumstances of this case and the seriousness of the underlying criminal convictions on which the Pennsylvania Board based Mr. Doheny's

---

[16] *See also Matter of Cockley*, 495 S.E.2d 780, 781 (S.C. 1998) (finding suspension of law license for eighteen months appropriate following attorney's conviction for felony DUI causing great bodily injury); *In re Bratton*, 33 N.Y.S.3d 743, 743-44 (N.Y. App. Div. 2016) (finding that a lawyer engaged in illegal conduct that adversely reflected on his fitness as a lawyer, warranting public censure, where the lawyer had driven the wrong direction down a parkway while intoxicated, leading to convictions of DUI and reckless endangerment); *In re Kearns*, 991 P.2d 824, 824-25 (Colo. 1999) (adopting recommendation of public censure following attorney's conviction of vehicular assault and two counts of driving under the influence of alcohol when significant mitigating factors were present).

discipline, we adopt the HPS's recommendation that Mr. Doheny be publicly admonished and required to pay the costs of these proceedings.

## IV.

## CONCLUSION

Based upon the foregoing, we adopt the HPS's recommendations and impose the following sanctions pursuant to Rule 3.20 of the Rules of Lawyer Disciplinary Procedure: (1) Publicly admonish Mr. Doheny; and (2) order that Mr. Doheny reimburse the Lawyer Disciplinary Board the costs of these reciprocal disciplinary proceedings.

Public Admonishment and Costs.